United States District Court
Southern District of Texas
FILED

JUL 2 4 2003

Michael N. Milby
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT

## FOR THE _Eastern_ DISTRICT OF TEXAS

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

_Tyler_ Division

RECEIVED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

MAY 1 6 2003

DAVID J. MALAND, CLERK

MAY 1 6 2003

DAVID J. MALAND, CLERK

## PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

BY DEPUTY _____

## B-03-129

_William Lee Hedrick_
PETITIONER
(Full name of Petitioner)

_Estelle Geriatric Center TDCJ-ID_
CURRENT PLACE OF CONFINEMENT

_808650_
PRISONER ID NUMBER

VS.

_Janie Cockrell_
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of petitioner)

_6:03cv248_
CASE NUMBER
(Supplied by the Clerk of the District Court)

---

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten, and signed by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum.

3. When the Clerk of Court receives the $5.00 filing fee, the Clerk will file your petition if it is in proper order.

4. If you do not have the necessary filing fee, you may ask permission to proceed _in forma pauperis._ To proceed _in forma pauperis,_ (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-ID, you must send in a certified _In Forma Pauperis_ Data Sheet from the institution in which you are confined. If you are in an institution other than TDCJ-ID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.      Only judgments entered by one court may be challenged in a single petition. If you want to challenge judgments entered by different courts, either in the same state or in different states, you must file separate petitions as to each court.

6.      Include all your grounds for relief and all the facts that support each ground for relief in this petition.

7.      When you have finished filling out the petition, mail <u>the original and two copies</u> to the Clerk of the United States District Court for the federal district within which the State court was held which convicted and sentenced you, or to the federal district in which you are in custody. A "VENUE LIST," which lists U.S. District Courts in Texas, their divisions, and the addresses for the clerk's office for each division, is posted in your unit law library. You may use this list to decide where to mail your petition.

8.      Petitions that do not meet these instructions may be returned to you.

---

# PETITION

**What are you challenging?** (Check <u>only</u> one)

☒    A judgment of conviction or sentence,     (Answer Questions 1-4, 5-12 & 20-23)
      probation or deferred-adjudication probation
☐    A parole revocation proceeding.        (Answer Questions 1-4, 13-14, & 20-23)
☐    A disciplinary proceeding.            (Answer Questions 1-4, 15-19 & 20-23)

**All petitioners must answer questions 1-4:**

1.      Name and location of the court (district and county) which entered the conviction and sentence that you are presently serving or that is under attack:
*138th District, Cameron County Texas, 947 E. Harrison St, Brownsville, Tx. 78520*

2.      Date of judgment of conviction:    *September 30, 1997*

3.      Length of sentence:    *99 years*

4.      Nature of offense and docket number (if known): *Indecency With a Child (Contact)*
*Penal Code 21.11 (a)(1) Two Counts*       *97-CR-901-B*

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.      What was your plea? (Check one)

☒    Not Guilty      ☐    Guilty      ☐    Nolo contendere

6.      Kind of trial: (Check one)    ☒    Jury      ☐    Judge Only

         CONTINUED ON NEXT PAGE

7.    Did you testify at the trial?    ☐    Yes        ☒    No

8.    Did you appeal the judgment of conviction?        ☒    Yes    ☐    No

9.    If you did appeal, in what appellate court did you file your direct appeal?

_13th Texas Court of Appeal_    Cause Number (if known) _13-97-857-CR_

What was the result of your direct appeal (affirmed, modified or reversed): _affirmed_

What was the date of that decision?    _Oct. 1, 1998_

If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

Result: _None, Court refused to give a complete set of transcripts_

Date of result:    _NA_    Cause Number (if known): _NA_

If you filed a petition for *writ of certiorari* with the United States Supreme Court, answer the following:

Result: _Still pending, see No.23 this petition_

Date of result: _____

10.    Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state application for writ of habeas corpus that you may have filed.

☒    Yes        ☐    No

11.    If your answer to 10 is "Yes," give the following information:

Name of court: _Texas Court of Criminal Appeals_

Nature of proceeding: _Habeas Corpus_

Cause number (if known): _State 11.07 No. 41-098-01_

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court.    _March 29, 1999_

Grounds raised: _A. Evidence gained by unconstitutional search and seizure._

_B. Unlawful arrest and unconstitutional high bond. (continued page 3a)_

- 3 -                CONTINUED ON NEXT PAGE

QUESTION 11: (Continued from page 3)

C. Denial of compulsory process for obtaining witnesses for his defense, who could have proven his actual innocence.

D. Use of Malicious Prosecutional Misconduct. (prosecutor tampering with witnesses).

E. Violation of protection against double jeopardy.

F. Denial of effective assistance of counsel in trial and appeal courts.

USDC - Southern District of Texas, Brownsville Division

28 USC § 2254, No. B-99-CV-186, filed June 19, 1999

Grounds: A. Evidence gained by unconstitutional search and seizure.

B. Unlawful arrest and high bond.

C. Denial of compulsory process for obtaining defense witnesses, who could have proven his innocence.

D. Malicious Prosecutional Misconduct (prosector tamper with witnesses)

E. Violation of protection against double jeopardy.

F. Denial of effective assistance of counsel in trial court.

G. Denial of right of appeal. (ineffective assistance of counsel).

H. Actual innocent of accused crime.

Defendant requested to amend petition to add "Apprendi" claims. Right to amend was denied by magistrate, with no hearings or rulings on claims.

U.S. Court of Appeals - Fifth Circuit.

Notice of Appeal, No. 01-40429, filed 3-27-01, dismissed 5-8-01 (lack of jurisdiction)
Eleven orders of USDC magistrate judge, on 3-9-01.

3 notices of appeal, No. 01-40719, filed 4-20-01, denied 7-25-02

Appeal from USDC-SD Texas, orders docket Nos. 51, 53, 55 and 61.

COA, IFP, Appointment of counsel, 12-13-01 motion to amend (add, Apprendi claims), Motion to supplement complaint (add, penalty was disproportate to offense and prison officials indifferent to medical needs violation of USCA Const. Amend. 8).

3a

Continued on next page

Org.

Date of final decision: *May 19, 1999, denied w/o written order or hearing*

Name of court that issued the final decision: *Texas Court of Criminal Appeals*

As to any *second* petition, application or motion, give the same information:

Name of court: *Texas Court of Criminal Appeals*

Nature of proceeding: *Habeas Corpus*

*State 11.07, No. 41-098-03*

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court. *January 31, 2003*

Grounds raised: *(1) invalid indictment, fails to charge felony (2) trial court lacked jurisdiction (3) defective indictment was multiplicious, violation of double jeopardy clause (4) appointed attorney for trial and appeal, ineffective for failing to object.*

Date of final decision: *April 02, 2003, denied w/o written order or hearing*

Name of court that issued the final decision: *Texas Court of Criminal Appeals*

*If you have filed more than two petitions, applications, or motions, please attach an additional sheet of paper and give the same information about each petition, application, or motion.*

12.   Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?                    ☐ Yes    ☒ No

(a)   If your answer is "yes," give the name and location of the court that imposed the sentence to be served in the future:

*NA*

(b)   Give the date and length of the sentence to be served in the future: _____

*NA*

(c)   Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?

☐ Yes    ☒ No

- 4 -                                          CONTINUED ON NEXT PAGE

**Parole Revocation:**

13.     Date and location of your parole revocation: _____

14.     Have you filed any petitions, applications, or motions in any state or federal court challenging your parole revocation?

      ☐     Yes                    ☐     No

If your answer is "yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15.     For your original conviction, was there a finding that you used or exhibited a deadly weapon?          ☐ Yes     ☐ No

16.     Are you eligible for mandatory supervised release?          ☐ Yes     ☐ No

17.     Name and location of prison or TDCJ Unit that found you guilty of the disciplinary violation:

_____

Disciplinary case number: _____

18.     Date you were found guilty of the disciplinary violation: _____

Did you lose previously earned good-time credits?          ☐ Yes     ☐ No

Identify all punishment imposed, including the length of any punishment if applicable, any changes in custody status, and the number of earned good-time credits lost: _____

_____

19.     Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?

      ☐     Yes                    ☐     No

If your answer to Question 19 is "yes," answer the following:

Step 1 Result: _____

_____

Date of Result: _____

Step 2 Result: _____

_____

CONTINUED ON NEXT PAGE

Date of Result: _____

**All applicants must answer the remaining questions:**

20.    State clearly every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

**CAUTION:**
Exhaustion of State Remedies: You must ordinarily present your arguments to the highest state court as to each ground before you can proceed in federal court.
Subsequent Petitions: If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

Following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement is a separate ground for possible relief. You may raise any grounds, even if not listed below, if you have exhausted your state court remedies. However, you should raise in this petition all available grounds (relating to this conviction) on which you base your belief that you are being held unlawfully.

DO NOT JUST CHECK ONE OR MORE OF THE LISTED GROUNDS. Instead, you must also STATE the SUPPORTING FACTS for ANY ground you rely upon as the basis for your petition.

(a)    Conviction obtained by a plea of guilty which was unlawfully induced, or not made voluntarily, or made without an understanding of the nature of the charge and the consequences of the plea.

(b)    Conviction obtained by the use of a coerced confession.

(c)    Conviction obtained by the use of evidence gained from an unconstitutional search and seizure.

(d)    Conviction obtained by the use of evidence obtained from an unlawful arrest.

(e)    Conviction obtained by a violation of the privilege against self-incrimination.

(f)    Conviction obtained by the prosecution's failure to tell the defendant about evidence favorable to the defendant.

(g)    Conviction obtained by the action of a grand or petit jury which was unconstitutionally selected and impaneled.

(h)    Conviction obtained by a violation of the protection against double jeopardy.

(i)    Denial of effective assistance of counsel.

(j)    Denial of the right to appeal.

(k)    Violation of my right to due process in a disciplinary action taken by prison officials.

CONTINUED ON NEXT PAGE

A.  **GROUND ONE:** _Defective indictment, it failed to charge an offense under Texas statutory laws, and is in violation of U.S. Supreme Court's "Apprendi" ruling._

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

_Texas Court of Criminal Appeals, has held that an indictment for the offense of "Indecency With a Child" Contact 21.11(a)(1), must allege both the act and the accompanying statutory mental state of "With intent to arouse or gratify the sexual desire of any person." Failure to specifically allege that "Sexual Contact" occurred With Intent to Arouse or Gratify the Sexual Desire of any Person,"_

continued on page 7a

B.  **GROUND TWO:** _State trial Court, lacked jurisdiction to convict and sentence defendant on the defective indictment_

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

_"A court's jurisdiction must be invoked by properly and completely alleging an offense against the laws of Texas in a valid indictment, a defect in the charging instrument is insufficient to invoke the court with jurisdiction and any conviction based on judicial action without jurisdiction is void and challengable by way of post conviction application for writ of habeas corpus and a_

continued on page 7b

C.  **GROUND THREE:** _Defective indictment was multiplicious and in violation of Texas and United States Constitution's Double Jeopardy clauses._

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

_Any indictment which charges the same offense in two counts is multiplicious and in violation of the double jeopardy clause. As both counts, alleged the same charge (Texas Penal Code 21.11(a)(1)), same victim (Kristian Coronado), same location (One Date Palm Drive) same transaction (both counts alleged to have occured simultaneously on 10-31-96) as alleged by victim in trial court. (cont. on page 7c)_

**CONTINUED ON NEXT PAGE**

<u>GROUND ONE</u> (continued from page 7).

constitutes a reversible error, that is plain from the face of the indictment and cannot be incorperated in the indictment by the general mental states of "intentionally and knowingly". This is required by, <u>Texas Penal Codes, 2.01, 21.01 (2), 21.11 (a)(1)</u>; <u>Texas Code Crim. Proc., 21.03, 21.05</u>. As cited in Texas Court of Criminal Appeals cases, see <u>Victory, 547 SW2d 1; Slavin, 548 SW2d 30; Westly, 548 SW2d 37;</u> ( copies enclosed Appendix pg. <u>A38-A</u> ), see also <u>Duwe, 642 SW2d 804; Cunningham, 694 SW2d 629; Caballo, 927 SW2d at 130-31; Rodriguez, 24 SW3d 499,</u> and all other cases.

In "Jones", 119 S.Ct, 1215, "Elements of an offense must be charged in the indictment, submitted to a jury, and proven by the Government beyond a reasonable doubt." See <u>Federal Rules Criminal Procedure Rule 7(c)(1).</u>

In "Apprendi" 120 S.Ct, 2348 (2000), The Court ruled the above applied to state habeas corpus as well. "That the Fourteenth Amendment right to due process and the Sixth Amendment right to trial by jury, taken together, entitle a criminal defend-ant to a jury determination that he is guilty of every [essential] element of the crime with which he is charged, beyond a resonable doubt."

As "Apprendi" clarifies procedural rule rather than changing substantive law; therefore "Apprendi" standard can be applied retroactive.

Therefore, petitioner was convicted and sentenced in violation of "Apprendi," as the indictment did not allege a statutory felony, and the jury was not instructed on the essential elements of the statues, so they never found petitioner guilty beyond a reasonable doubt of every element of the crime of which he was convicted.

The Court has held, "There are few tenets more basic to our system than the rule that the prosecution has the burden of proving ever element of a crime beyond a reason-able doubt. Accordingly when a trial judge omits an element of the offense necessary to find the defendant guilty, the omission is "plain error." The failure to instruct on an essential element of an offense is "fundamental error." Id. 397 US 358.

Continued on next page

Org.

GROUND TWO: (continued from page 7)

jurisdictional error maybe raised at anytime and are not forfeited by failure to file motion to quash or dismiss the indictment in trial court, as reversible error Is present." Id. Reynolds, 547 SW2d 590 (Tex. Crim. App.).

Texas Court of Criminal Appeals, ruled that "an indictment must allege both the act or omission and the accompanying mental state, because the accompanying mental state to the act or omission is part of the conduct." VTCA Penal Code 1.07(a)(13) which states that, elements of offense, means the forbidden conduct plus the required culpability as well as the result. Since the requisite intent is an essential element of the offense, the failure to allege intent would constitute an error of substance, which Is plain from the face of the indictment. see Victory, appendix pg A 38_____.

Therefore, defendant's indictment is fundamentally defective for failing to allege the statutory required culpable mental state. Such an indictment does not allege any offense against the law and is utterly insufficient to invoke the jurisdiction of the trial court. Any conviction based on judicial action without jurisdiction is void and challengable by way of post conviction application for writ of habeas corpus. see Cannon, 546 SW2d 266 (Tex. Crim. App.).

Both the U.S. Constitution and Texas Constitution Art. I sect. 10, state "Charging instractment must convey sufficient notice to allow accused to prepare his defense." Texas Code Crim. Proc. 21.02(7) and 21.03, state "every thing should be stated in an indictment which is necessary to be proven." Therefore defendant was prejudiced by the missing element of culpable mental state, which prevented him from preparing a defense based on it. These constitutional errors in his indictment deprived the jury of critical testimony and evidence, that would have established his actual innocence of alleged crime. If a reasonable jury would doubt weither evidence proves essential elements of crime, Court of Appeals must reverse conviction. see Sultan, 115 F3d 321 (5th Cir. 1997).

continued on next page

7b.

Org.

GROUND THREE: (continued from page 7).

Defendant who had rented a room for $100 per month, in the house with alleged victim and her mother, for over three years (1995-1997). Became seriously ill and went to the V.A. Hospital, San Antonio, for angioplasty surgery and sten implants on May 28, 1996 to June 5, 1996, while defendant was in hospital. Landlord, who though he was going to die, started ransacking his bedroom-office, taking some of his property and money, he had there. After she learned, that the operation had saved his life and he would be coming home soon. Landlord became scared and told her 10 year old daughter, she had to say defendant did something to her (in trial transcripts), After several tries, her daughter finally said, that a year ago, on the night of 10-31-96. (Halloween). While defendant and her (daughter) were alone watching T.V., as they were wrestling over the T.V. control, Defendant touched her breast and his hand brushed her middle part" over her clothes. That despite of the facts, that they had all lived in the house together the past year, and defendant drove her to school almost every day and had taken her many other places. Nothing else had ever happened, nor had she told anyone about this, until after her mother said she had to say defendant had done something to her. (in order to keep her mother from going to jail for stealing defendant's property and money).

   This is what the two counts were based on. Allowing the defendant to be tried as if two seperate offenses occurred, convicted on two counts and sentenced as if multiple crimes occurred, with a harsher sentence than the maximum sentence for one offense. see trial transcripts.

   "The rule against multiplicity stems from the 5th Amendment to the Constitution which prohibits placing a defendant twice in jeopardy for one offense. The rule prohibits the Government from charging a single offense in several counts, and is intended to prevent multiple punishments for the same act." Id. US v Heath 970 F2d 1397, 1401 (5th Cir. 1992).

continued on next page

7c.

D.    **GROUND FOUR:** *Appointed attorney for trial and appeal, was ineffective for failing to notice and object to defective indictment.*

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

"*It was ineffective assistance of counsel, for attorney to fail to object to the charges. The law on the issues were clear, and there was no trial strategy involved. It is fundamental that an attorney must have a firm command of the facts of the case as well as the governing law before he can render reasonable effective assistance of counsel." Id, 819 SW2d at 682 (Tex. Crim. App.) continued on page 8 a*

21.    Have you previously filed a federal habeas petition attacking the same conviction, parole revocation, or disciplinary proceeding that you are attacking in this petition?

☒    Yes        ☐    No

If your answer is "yes," give the date on which <u>each</u> petition was filed, the federal court in which it was filed, and whether the petition was (a) dismissed without prejudice or (b) denied.

*6-19-99, USDC-SD Texas, Brownsville, No. B-99-186    (b) denied 3-12-01*

*4-20-01, USCP 5, No. 01-40719    (b) denied 7-25-02*

*10-21-02, U.S. Supreme Court, No. 02-9508 docketed 3-13-03, pending*

22.    Are any of the grounds listed in paragraph 20 above presented for the first time in this petition?

☐    Yes        ☒    No

If your answer is "yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

*Presented to Texas Court of Criminal Appeals, 11.07 writ No. 41-098-03 see copy in appendix.*

- 8 -

CONTINUED ON NEXT PAGE

GROUND FOUR: (continued from page 8)

"Trial counsel's failure to contest the omission of an essential element from the jury charge, constitutes ineffective assistance of counsel." Id. Lombard v. Lynaugh, 868 F2d 1475 (5th Cir. 1989).

Trial and appeal counsel, failed to contest the defective and void indictment, failed to contest there was no jury instructions given, nor was it ever proven beyon a reasonable doubt by the Gorvenment at trial, that the essential element of culpable mental state of the offense, was left out of indictment, jury's instructions and not proven at trial. Nor did he present the error on direct appeal. Cf. Murphy v. Puckett, 893 F2d 94 (5th Cir. 1990). "Trial counsel's failure to raise valid issue of "double jeopardy" constitutes ineffective assistance of counsel."

In the context of omitting an issue on appeal, prejudice from errors of counsel means failing to raise an issue obvious from trial record and one that probley would have resulted in reversal. As the indictment errors, were reversable errors, plain from the face of the indictment, statutory laws, and trial transcripts. There was no way that any trier of facts or attorney should have missed them. Yet because of his conflicts of interests, defense counsel failed to raise them at trial or on the direct appeal.

Richard Hoffman, a well known attorney, to the judge and prosecutors, who all knew that he also worked for Cameron County Child Protection Services, was appointed defense counsel for defendant (a fact not known to defendant until after trials).

The state used witnesses who also worked for Child Protection Services at the trial. As defendant was on trial, for a charge of "Indecency With a Child" and alleged victim was being counseled by same Child Protection Services. What more damaging conflicts of interests could be found in any trial. Also counsel failed to investigate or present in court any requested defense, alibi or character witness for defendant's defense. Nor was defendant allowed to testify in his own defense.

continued on next page

8a

Org.

## CONCLUSION

In Johnson v. Puckett, 930 F2d 445, The Court held," that the sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction."

Defendant's indictment was so fatually defective, that under no circumstances could a valid conviction result from facts provable under indictment. As the sufficiency of a state indictment for purposes of federal review, is necessarily framed by state law and as the state laws are very clear on this issue and the state's highest court has made it very clear, by their prior rulings, exactly how the indictment for the offense of "Indecency With a Child" has to be worded. Yet the same state courts have refused to give defendant a full and fair hearing on his all egations, instead they want to dismiss them on procedual grounds, in violation of his state and federal constitutional rights to due process, because the facts are plain from the face of the indictment, trial records, and state statutes. Which also show that defendant and his attorney were denied hearings on their pretrial motions to suppress unconstitutional evidence, to obtain discovery. Prosecutor's tampering with defense and alibi witnesses, preventing their coming to the trial.

The state claimed defendant should have made his "Apprendi" claims earlier. How could any reasonable trier of facts expect a lay person, being held in jail on an extra high band, indigent, no law experence or law books, to even notice or know of the defective indictment, while his trial and appeal attorneys, the trial judge and all of state's prosecutors, who all have degrees and practice law every day, failed to notice or correct the unconstitutional indictment.

As Supreme Court made "Apprendi" and "Jones" rulings after defendant, had filed and briefed his orginal habeas corpus, Thus it is not accurate to charatorize the issues as waived or abandoned. The Court has held "if a legal developement after the conviction and punishment, are for and act that the law does not make criminal, the statutory standard is satisfied: the change in law shows why the claim could not

continued on next page

8 b.

have been made earlier and imprisonment for a non-crime is a miscarriage of justice, see 28 USC § 2254 (e)(2)(A)(i-ii).

Defendant's first habeas corpus (Texas 11.07, No. 41-098-01) was filed on March 29, 1999, and federal 28 USC § 2254, was filed on June 19, 1999, in USDC-SD Texas. They both were filed before, Supreme Court's ruling in "Apprendi" 120 S. Ct. 2348 (2000) and the USCP 5's rulings in Miranda, 248 F3d 434 and Gonzalez, 259 F3d 355 (both 2001), "To be sufficient an indictment must allege each material element of the offense: if it does not it fails to charge that offense. An indictments failure to charge an offense constitutes a jurisdictional defect. Because an indictment is jurisdictional, defendants at any-time may raise an objection to the indictment based on failure to charge an offense." see Fed. Rules Criminal Proc. Rule 12 (b)(2).

"Plain Error" review is applicable to defendant's challenges to his conviction and sentence based on "Jones" and "Apprendi" where defendant did not make prior objections, because those cases were not decided at the time of trial, appeal or post-conviction writs of habeas corpus, and a new rule for conduct of criminal prosecutions must be applied retroactive to all cases, state or federal, with no exception for cases in which the new rule constitutes a clear break with the past.

"Plain Error" is defined as (1) an error (the indictment failed to charge an offense), (2) that is plain (clear from state laws, plain from face of indictment), (3) that effects the defendant's substantial rights (allowed the jury to convict and sentence defendant for a non-crime), (4) that seriously affects the fairness, integrity or public reputation of judicial proceedings (errors are so plain and egregious that for this court not to review and correct them, would be a grave manifest miscarriage of justice, by allowing imprisonment of a person who is actually innocence of the crime, and because defendant was convicted and sentenced in violation of his constitutional right of due process, as interpreted by the Supreme Court in "Jones" and "Apprendi", and USCA Const. Amends. 5 and 14.

continued on next page

Org.

8c

23.   Do you have any habeas corpus proceedings or appeals now pending in any court, either state or federal, relating to the judgment or proceeding under attack?

☒   Yes                    ☐   No

If "yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed.

_Writ of certiorari No. 02-9508, U.S. Supreme Court, filed October 21, 2002_

_docketed March 13, 2003, Respondants brief due April 12, 2003_

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____

Signature of Attorney (if any)

_____

_____

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _May 13, 2003_ (month, date, year).

Executed on _May 6, 2003_ (date).

_William Lee Hedrick   pro se_
Signature of Petitioner (required)

Petitioner's current address: _William Lee Hedrick, TDCJ-ID #808650_

_Estelle Geriatric Center,       264 FM 3478_

_Huntsville, Texas, 77320-3322_

-9-

# APPENDIX

RE. Hedrick v. Cockrell, USDC-ED Texas No. _____ Texas No. 41-098-03

|  | Pages |
|---|---|
| (1.) State application for writ of habeas corpus, 11.07 No. 41-098-03 | A1 - A16 |
| (2.) State motion for appointment of counsel | A17-A18 |
| (3.) Letters to and from state courts | A19-A24 |
| (4.) Trial Judge's responce to 11.07 No. 41-098-03 | A25- |
| (5.) Petitioner's response to trial judge's order | A26-A28 |
| (6.) Letter from state court | A29 |
| (7.) Precept to serve Copy of Indictment no. 97-CR-901-B | A30 |
| (8.) Copy of Indictment for cause no. 97-CR-901-B | A31 |
| (9.) Judgement for cause no. 97-CR-901-B | A32-36 |
| (10.) Notice of denial, from Court of Criminal Appeals of Texas No. 41-098-03 | A37 |
| (11.) Copy of Victory, 547 SW2d 1 (Tex. Crim. App.) | A38-A42 |
| (12.) Copy of Slavin, 548 SW2d 30 (Tex. Crim App.) | A43 |
| (13.) Copy of Westly, 548 SW2d 37 (Tex. Crim. App.) | A44-A45 |
| (14.) USCP 5, Orders from Case No. 01-40719 | A46- |

CLERK of the DISTRICT COURTS

CAMERON County TEXAS

September 16, 2002

Ex parte WILLIAM LEE HEDRICK, 138th courts cause no. 17-CR-401-B

Ms. Aurora De La Garza:

Enclosed please find the application for a writ of habeas corpus under the Texas code of Criminal Procedure, Art. 11.07, with a motion for appointment of counsel and a declaration of forma pauperis, for the above listed or numbered cause.

Please file it and present it to the proper convicting court, for their disposition, then forward it to the Texas Court of Criminal Appeals.

Please notify applicant at his below listed address as to the date filed, cause no. given to application

Your assistance and help with this matter is greatly appreciated.

Sincerely,

William Lee Hedrick

William Lee Hedrick pro se

TDCJ-ID #808650

Estelle Geriatric Center

264 FM 3478

Huntsville, Tx. 77320-3322

1.

A1

Cause No ___41- 098-03___
(The Clerk of the convicting court will fill this line i

## COURT OF CRIMINAL APPEALS OF TEXAS

### APPLICATION FOR A WRIT OF HABEAS CORPUS
SEEKING RELIEF FROM FINAL FELONY CONVICTION
UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11 07

___William Lee Hedrick___                          ___11 /11/33___
NAME OF APPLICANT  (Please print full name)          DATE OF BIRTH

___Estelle RMF-Geriatric Center___     ___808 650___
PLACE OF CONFINEMENT          TDCJ-ID NUMBER

(1)    What court entered the judgment of conviction you want relief from?
       (Give the number and county of the court )

       ___138 th District Court of Cameron County, Texas___

       _____

(2)    What was the cause number in the trial court? ___97-CR-901-CR___

(3)    What was the trial judge's name? ___Robert Garza___

(4)    What was the date of judgment? ___9-30-97___

(5)    What was the length of sentence? ___99 years TDCJ-ID and $10,000 fine___

(6)    Who assessed punishment?   (Check one)      (a) Judge (  ); (b) Jury (X)

(7)    What offense or offenses were you were convicted of (all counts)?

       ___2 (two) Counts of indecency with a child (contact) 21.11 (a)(1)___
       ___Enhanced.___

       _____

Misc  Docket No  00-100            Page 2 of 16

A2

(8)    What was your plea? (Check one)

    (a)    Not guilty                    (X)
    (b)    Guilty                        ( )
    (c)    Nolo Contendere               ( )

If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

*Not guilty to all charges*

(9)    Did you have a jury trial?(check one)

    (a)    Jury                          (X)
    (b)    Judge only                    ( )

(10)    Did you testify at the guilt/innocence phase of trial?    Yes ( )    No (X)

(11)    Did you testify at the sentencing phase of trial?    Yes (X)    No( )

(12)    Did you appeal from the judgment of conviction?    Yes (X)    No( )

(13)    If you did appeal, answer the following questions:

    (a)    Which court of appeals? *13th Court of Appeals, Corpus Christi, TX*

    (b)    What was the cause Number? *13-97-351-CR*

    (c)    What was the decision? *affirmed judgement of trial court*

    (d)    What was the date of the decision? *October 1, 1998*

    (e)    Did you file a petition for discretionary review?    Yes ( )    No (X)

    (f)    If your answer to (e) was "yes," answer the following questions:

    (g)    What was the cause number in the Court of Criminal Appeals?

*Never given a complete set of trial transcripts*

    (h)    What was the decision?

    (i)    What was the date of decision?

Misc. Docket No. 00-100          Page 3 of 16

A3

(14) Have you previously filed an application for writ of habeas corpus under Article 11.07 for relief from this conviction?

Yes  (X)                          No    ( )

(15) If your answer to (14) was "yes," answer the following questions:

(a)  What was the Court of Criminal Appeals writ number? _41-098-01_

(b)  What was the decision? _Denied without written order or hearing_

(c)  What was the date of decision? _5-19-99_

(d)  What is the reason the current claims were not presented and could not have been presented in an earlier application?

The U.S. Supreme Court in Jones and Apprendi (2000) applied a new decision on Constitutional law, that "every element of an offense must be charged in the indictment, submitted to a jury and proven beyond a reasonable doubt." The 5th Circuit U.S. Court of Appeals (2001) determined it applied retroactive to State habeas cases.

As these legal developments were made after petitioner's conviction (9-30-97) and not available when he submitted his art. 11.07 state writ #41-098-01 (1-19-99), the petitioner's conviction and punishment are for an act that the law does not make criminal and the change in law shows why the claim could not have been made earlier. Since imprisonment for a noncrime is a miscarriage of justice and to uphold a conviction on a charge that was neither alleged in the indictment, presented to a jury at trial or proven beyond a reasonable doubt offends the most basic notions of due process.

Misc. Docket No. 00-100          Page 4 of 16

A4

(16)    Do you have any petition or appeal pending in any court either state or federal attacking the same conviction?

Yes ☒    No ( )

(17)    If you are presenting a claim for time credit have you presented the claim to the time credit resolution system of the Texas Department of Criminal Justice--Institutional Division?

Yes ( )    No ☒

(a)    If your answer to (17) was "yes." answer the following questions

What was the date of decision? *N/A* _____

Why are you not satisfied with the decision? _____

_____

_____

_____

(b)    If your answer to (17) was "no," why have you not presented the claim to the time credit resolution system of the Texas Department of Criminal Justice--Institutional Division?

*N/A* _____

_____

_____

(18,    State concisely every ground on which you claim that you are being unlawfully confined   Summarize briefly the facts supporting each ground   If necessary, you may attach pages stating additional grounds and facts supporting the grounds

A5

For your information the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings  Each statement preceded by a letter constitutes a separate ground for possible relief  The grounds you may raise are not limited to those listed below   However you should raise in this application all available grounds (relating to this conviction) on which you base your allegations that you are being unlawfully confined

If you claim one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose  Do not simply check any of the grounds listed below

(a)    Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea

(b)    Conviction obtained by use of coerced confession

(c)    Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure

(d)    Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e)    Conviction obtained by a violation of the privilege against self-incrimination

(f)    Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant

(g)    Conviction obtained by a violation of the protection against double jeopardy

(h)    Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and empaneled

(i)    Denial of effective assistance of counsel

(j)    Denial of right of appeal

(k)    Denial of time credits on sentence

(l)    Improper revocation of parole or mandatory supervision

(m)    Illegal sentence

A6

(n)    Invalid or defective indictment

(o)    No evidence or insufficient evidence

(A)    What is your Ground Number One: Invalid indictment, for failing to charge an offense under Texas statutory laws.

What are the FACTS (tell your story briefly without citing cases or law) Repeatly Texas Court of Criminal Appeals, has held that an indictment for the offense of "Indecency With a Child (Contact) 21.11(a)(1), must allege both the act and the acompanying statutory mental state of "with intent to arouse or gratify the sexual desire of any person." Failure to specifically allege that "Sexual Contact" occurred with "intent to arouse or gratify the sexual desire," constitutes a reversible error, that is plain from face of indictment and cannot [cont. on page 11]

(B)    What is your Ground Number Two: Trial Court lacked jurisdiction to convict and sentence defendant on void indictment.

What are the FACTS (tell your story briefly without citing cases or law):

Jurisdiction must be invoked by properly and completely alleging an offense against the laws of Texas in a valid indictment, a defect in the charging instrument is insufficient to invoke the court with jurisdiction, and any conviction based on judicial action without jurisdiction is void and challeng-able by way of post conviction application for writ of habeas corpus, and a jurisdictional error maybe raised at anytime and are not [cont. on page 12]

A7

(C)    What is your Ground Number Three _Defective indictment was multiplicious_
_and in violation of Constitution's Double Jeopardy clause._

What are the FACTS (tell your story briefly without citing cases or law)

_Indictment which charged the same offense, in two counts, is multiplicious._
_As both counts were the same charge (Tex Penal Code 31.11 (a)(1)) same victim,_
_(Kristian Coronado), same place (One Date Palm Drive) same transaction (both counts_
_occurred simultaneously on 10-31-96) as alleged by victim in trial court._
_Texas Court of Crim. Appeals and 5th Circuit U.S. Court of Appeals, both have ruled_
_"An indictment that charges a single offense in more than one count [cont. on page 13]_

(D)    What is your Ground Number Four: _Defendant's appointed attorney for_
_trial and direct appeal, was ineffective for failing to object to charges._

What are the FACTS (tell your story briefly without citing cases or law):
_"It was ineffective assistance of counsel, for attorney to fail to object to the_
_charges. The law on the issue was clear, and there was no trial strategy involved."_
_"It is fundamental that an attorney must have a firm command of the facts of_
_the case as well as the governing law before he can render reasonably_
_effective assistance." Id. 819 SW2d at 682; see also 785 SW2d 391; 656 SW2d 490,_
_(Tex. Crim. App.); The Texas Court of Criminal Appeals, mandated in [cont. on page 15-16]_

A8

Wherefore applicant prays that the Court grant applicant relief to which he may be

entitled in this proceeding

VERIFICATION

(Complete either the Oath Before Notary Public or the Inmate's Declaration)


Oath Before Notary Public

STATE OF TEXAS COUNTY OF _____


_____, being first duly sworn, under

oath, says: that he is the applicant in this action and knows the content of the above application

and according to the applicant's belief, the foregoing allegations of the application are true



_____
Signature of applicant

SUBSCRIBED AND SWORN TO BEFORE ME this ___ day of _____


_____
Notary Public

Inmate's Declaration

I, _William Lee Hedrick_____,
(inmate's name)

_808650_____, being presently incarcerated in
(inmate's identifying number from TDCJ or county jail)

_Estelle Geriatric Center_____,
(name of TDCJ unit or county jail)


Misc Docket No 00-100          **Page 9 of 16**

A9

declare under penalty of perjury that according to my belief the foregoing information and

allegations of the application are true and correct.

Signed on *September 16, 2002*

(date)

*William Lee Hedrick pro se*

Signature of applicant

_____

Signature of attorney (if any)

Address of Attorney:

_____

_____

_____

Misc. Docket No. 00-100                    Page 10 of 16

A10

<u>Ground Number One</u> continued from page 7

be incorporated in the indictment by the general mental states of intentionally and knowingly. This is required by <u>Texas Penal Codes 2.01, 21.01(2)21.11(2)(1) Texas Code Crim. Proc. 21.03, 21.05,</u> as cited in <u>Victory, 547 SW2d 1; Slavin, 548 SW2d 30, Westly, 548 SW2d 37</u> (copies enclosed) also see <u>Dawe, 642 SW2d 807, Cunningham, 694 SW2d 621; Caballero, 927 SW2d at 130-131; Rodriguez 14 SW2d 911.</u>

Texas Court of Crim. App, Stated Term "Sexual Contact" as used in statute defining indecency with a child is a word of art with specialized meaning; intent is thus a material fact, is an essential part of description of offense and must be alleged in the indictment." Citing <u>Texas Penal Codes, 21.01(2) and 21.11(2)(1).</u>
" If an indictment fails to allege a culpable mental state for an offense it is defective." Id. <u>Drinking, 894 SW2d at 539</u> (Tex. Crim. App. 1995)

<u>Texas Constitution Art. I, sect. 19,</u> states "the notice must come from the face of the indictment," and the accused is not required to look elsewhere." Id. Ward, 829 SW2d at 794.

The <u>U.S. Supreme Court in "Jones" and "Apprendi" 120 S. Ct. 2348.</u>
"Elements of an offense must be charged in the indictment, submitted to a jury and proven by the Government beyond a reasonable doubt. The Fourteenth Amendment right to due process and the Sixth Amendment right to trial by jury taken together, entitle a criminal defendant to a jury determination that he is guilty of every element of the crime which he is charged, beyond a reasonable doubt."

Therefore, defendant was convicted under Texas statutes, prior rulings of the Texas Court of Crim. App. and prior U.S. Supreme Court rulings, of a noncrime, as there touching without the essential element of the culpable mental is not illegal in Texas. If the indictment failed to charge an offense under Texas laws

All

<u>Ground Number Two:</u> (Continued from page 7).

forfeited by failure to file motion to quash or dismiss the indictment in trial court, as reversible error is present." Id. Reynolds, 547 SW2d 546 (Tex.Crim.App.). In Victory, Slavin, and Wesley (copies enclosed). The Tex.Crim.App. Court held that "an indictment must allege both the act or omission and the accompanying mental state, because the accompanying mental state to the act or omission is part of the conduct." V.T.C.A. Penal Code 1.07(a)(13), states that "element of offense means the "forbidden conduct "plus the required culpability as well as the result." Therefore, since the requisite intent is an essential element of the offense, the failure to allege intent would constitute an error of substance which can be raised for the first time on appeal. Furthermore failure to allege the intent constitutes reversible error, plain from face of indictment. see Victory, supra. Defendant's indictment is fundamentally defective for failing to allege the culpable mental state. Such an indictment does not allege any offense against the law and is utterly insufficient to invoke the jurisdiction of the trial court. Any conviction based on judicial action without jurisdiction is void and challengeable by way of post conviction application for writ of habeas corpus (cited) Ex-parte Simmons, 546 SW2d 266 (Tex.Crim.App.)

Texas Constitution Art I, sec 1.10, charging instrument must convey sufficient notice to allow accused to prepare his defense." Tex code Crim, Proc. 21.27(7) and 21.03, which states "everything should be stated in an indictment which is necessary to be proved." Therefore defendant was prejudiced by missing essential element of culpable mental state, so that he could not prepare a defense for the offense as charged in indictment.

Ground Number Three: Continued from page 8

is multiplicious and violates, Texas Constitution Art. I, sect. 14 and U.S.A Const. Amend. V, rights against double jeopardy clause.

The Texas Court of Crim. Appeals, held in 760 SW2d 183 n.11 and 12 (1988)

"n.11, A 'count' is the portion of an indictment that charges a distinct statutory offense, 22 Tex. Jur. 3d 665, Crim. Law 2370. The presence of more than one count in an indictment, therefore would necessary mean that more than one offense has been charged.

"n.12, A 'paragraph' is a subset of a count and is used to charge alternative methods of committing the same statutory offense." Art. 21.24(b) V.A.C.P

Cf. Vick v. State, 111 SW2d 830, (Tex. Crim. App. 1991) in which the Court said.

"State may, in one indictment, allege alternative legal theories for one offense, but then may obtain only one conviction based on that indictment."

Cf. Gordon v. State, 633 SW2d 872 (Tex. Crim. App. 1982)

"Whenever a single indictment charges two or more distinct non-property felonies in different counts the accused may be convicted of only one count."

"Failure to so treat non-property counts in an indictment requires reversal even when the defendant does not raise the error on direct appeal. Such may be attacked in a collateral proceeding."

Therefore, Hedrick, was twice convicted in a single trial "In 138th State Court, Cause no. 97-CR-901-B, on 9-30-97, quoted from trial records, pages 77-78

"We the Jury, find the Defendant, William Lee Hedrick, 'Guilty of indecency with a child as charged in Count I in the indictment.'"

"We the Jury, find the Defendant, William Lee Hedrick 'Guilty of indecency with a child as charged in Count II in the indictment.'"

Then on 10-1-97, was sentenced as to the two alleged offenses

"IT IS ORDERED by the Court that the Defendant, who has been adjudged guilty of

offense of INDECENCY WITH A CHILD, COUNTS I and II ENHANCED, as found by the jury, he and is hereby sentenced to NINETY-NINE (99) YEARS, in the Texas Department of Criminal Justice, Institutional Division, and assess a fine of $10,000.00

"The rule against multiplicity stems from the 5th Amendment to the constitution which placing a defendant twice in jeopardy for one offense. The rule prohibits the government from charging a single offense in several counts, and is intended to prevent multiple punishments for the same act." Id. U.S. v. Heath, 970 F.2d 1397, 1402 (5th Cir. 1992).

Not only was defendant convicted twice, and sentenced for two offenses, the government also used it to lead the jury, that there were multiple offenses as to give defendant a harsher sentence. As Texas Penal Code states maximum sentence for 21.11(a)(1) is 20 years and possible $10,000 the government asked for and jury gave, 99 years and a fine of $10,000, because of multiple convictions on two counts of one offense, 5 times the offenses statutory maximum. The same penalty given for the most serious, aggravated offenses of murder, rape and kidnapping in the State of Texas. All because of this defective, unconstitutional indictment, which is contradictory to prior rulings of this court in,

Gordon v. State, 633 SW2d 872 (Tex. Crim. App. 1982)

"Failure to treat non-property counts in an indictment requires reversal even when defendant does not raise the error on direct appeal. Such may be attacked in a collateral proceeding."

So defendant's convictions and sentence, should be reversed and the indictment for cause no. 97-CR-901-B, declared void, as being in violation of the Double Jeopardy Clause of the constitution, and defendant be released of charges, or the court ordered to reindict and retry him again in a different court and judge, as prior Judge Garza, abused his discretion, by allowing use of a defective indictment and not having jurisdiction to convict and sentence defendant.

Ground Number Four; continued from page 8.

Thompson v. State, 9 SW3d at 813 (Tex. Crim. App. 1999) see also Murray v. carrier, 106 s. ct. 2094 n. 10. it is possible that a single egregious error of omission or commission by appeal (appointed) counsel constitutes ineffective assistance."

"Trial counsel's failure to contest the omission of an essential element from the jury charge, constitutes ineffective assistance of counsel." Id. Lombard v. Lynaugh, 868 F2d 1475 (5th cir. 1989)

Trial and appeal counsel, failed to contest the defective and void indictment, failed to contest there never was any jury instructions given, nor was it proven beyond a reasonable doubt by the government at trial, that the essential element of culpable mental state of offense was left out of indictment, jury's instructions and trial. Nor did he preserve the error on direct appeal. see Murphy v. Puckett, 893 F2d 94 (5th Cir. 1990)" Trial counsel's failure to raise valid issue of double jeopardy, constituted ineffective assistance of counsel."

In the context of omitting an issue on appeal, prejudice from errors of counsel means failing to raise an issue obvious from trial record evidence that probably would have resulted in reversal. As the indictment errors, were reversable errors and plain from the face of the indictment, statutory law, and trial transcripts. There is no way that any trier of facts or attorney at law, could have missed them. Yet because of his following conflicts of interests, defense counsel failed to raise them in trial or on direct appeal.

Richard Mottman, a well known attorney, in the courts of Cameron county, Texas, was appointed my defense counsel by court, when the Judge and Prosecutor knew that he also worked for Cameron County Child Protection Services, a fact not known, to defendant child at his trial. The state had witnesses, who also worked for Child Protection Services at trial. His defendant was on trial on an alleged

Page 15 of 16

A15

alleged time of indecency which violate... U.S.C.A 1.11(a)(1) and the provisions of sixth Amendment by with... to counsel... that counsel rendered... little or no time... in any trial, without more.

Ct. Nealy v. Cabana, 764 Fd 1173 (5th Cir. 1985).

"Trial counsel's failure to investigate, locate and present potential witness testimony, which could have affected jury's evaluation of truthfulness of prosecution witnesses amounted to ineffective assistance of counsel."

(1) Several witnesses who could have shown, petitioner was not at alleged place of offense on alleged time of offense.

(2) Two witnesses, who where intimidated and threatened by prosecutor a few days before trial, until they were afraid to go to court.

(3) Witnesses who could have shown complaintiff s stold of her defendant's property in her house, as motive to perjure herself in court.

(4) Counsel failed to obtain subpoenas for exculpatory evidence to impeach states witnesses,

(5) These errors can be proven by court transcripts, which show that counsel did not have one defense, alibi, or character witness brought to trial court, which counsel denied to defendant, his right to a fair trial in trial court.

(6) Trial counsel's failure to object to admission of hearsay-statement as a DES evidence (violating Tex hearsay Evid Rule 503(b)(1) of the Federal Evidence Rule).

(8) Counsel was ineffective for failing to investigate and contest validity of prior conviction used for enhancement purposes at punishment phase of his trial.

"This should show that, counsel's errors were so serious as to deprive defendant of a fair trial, whose result is reliable." Cf Experts Forum, 877 SW2d at the same Page 1994) and Strickland, 104 S.Ct. #2052.

Page 11 of 16

A16

TEXAS COURT OF CRIMINAL APPEALS

From 138th DISTRICT COURT OF

CAMERON COUNTY TEXAS

Ex parte, William Lee Hedrick, cause No. 77-CR-101-B.

## DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL

TO THE HONORABLE JUDGE OF SAID COURT.

NOW COMES, William Lee Hedrick (Defendant) in the above styled and numbered cause, who requests of this Court, to grant this Defendant's Motion for appointment of counsel" to assist him in filing this writ of habeas corpus (HC07) and to help prove defendant's actual innocence of this accused offense.

This court has jurisdiction to appoint counsel, pursuant to, Texas Code Criminal Procedure Rules 26.04 and 26.05, 18 USC § 3006A, 28 USC § 1915(e)(1) and USCA Const. Amends 6 and 14. That allows this Court to appoint counsel for indigent prisoners, in the interest of justice and to speed up the judicial proceedings.

In support of his motion, defendant, wishes to show the court the following.

### REASONS TO GRANT MOTION

Defendant, who is 68 years old, (d.o.b 11-11-33), in bad health, indigent, incarcerated in the J-1D Estelle Geriatric Center, where he does not have any physical access to a law library or any legal assistance to help prepare a meritorious writ of habeas corpus, obtain discovery, exculpatory evidence, impeachment evidence or depositions from defense and alibi witnesses, who were excluded from trial by his appointed counsel and prosecutor.

Richard Hoerman, a well known Cameron county attorney, was given to defendant as his counsel for trial and direct appeal, Which was abuse of discretion by the Court and Prosecutor, because they both knew of or should have known the fact

Page 1 of 2

A17

that Mr. Hoffman, also worked for Cameron County Child Protection Services. Who the state used other employees as witnesses against defendant at his trial, with such a conflict of interests, causing such a divided loyalty, how could any friend or facts expect Hoffman to effectively give assistance of counsel to a client, charged with Indecency With A child, while (X)U, against his co-workers? The defendant was not made aware of these facts until after trial court.

His defendants' allegations of constitutional violations, require someone outside to get the needed discovery, ex-culpatory and empeachment evidence, to contact and get dispositions from defense and alibi witnesses (who were illegally excluded from trial), because defendant is indigent, incarcerated(several hundred miles from court), no funds to hire any legal help, nor has any friends or family able to assist him.

The issues at hand are very complicated requiring assistance of someone, who is educated and experienced with the law and courts, defendant has no experience or education in the laws.

The defendant is actually innocent of this alleged offense, and with the required legal assistance of counsel, he could prove it to this or any other trier of facts.

Therefore, to prevent a serious miscarriage of justice, the court should appoint defendant counsel.

Respectfully, submitted on this the 16th day of September 2002, by

William Lee Hedrick

William Lee Hedrick  pro se
Estelle Geristric Center
TDCJ-ID # 808650
264 FM 3478
Huntsville, Texas 77320-3322

Page 2 of 2

A18

APPENDIX

Re: William Lee Hedrick, Writ of Habeas Corpus (#007) No. 41-098-03

from 138th District Court, Cause No. 97-CR-901-B

Item No. 1. copy of indictment for cause no. 97-CR-901-B
Item No. 2. copy of Courts Judgement cause no. 97-CR-901-B
Item No. 3. copy of Court of Crim. App. of Texas, case no. 547 SW2d 1
Item No. 4. copy of Court of Crim. App. of Texas, case no. 548 SW2d 30
Item No. 5. copy of Court of Crim. App. of Texas, case no. 548 SW2d 37

Office of the Clerk                                October 28, 2002
Cameron County District Courts

Mrs. Aurora De Garza:

My name is William Lee Hedrick, TDCJ-ID # 808650, on September 17, 2002, I mailed to your office a writ of habeas corpus (Texas 11.07) to be filed, numbered and presented to 138th District Court, for cause no. 97-CR-701-B. As of this date, I have not recieved any notice of your recieving, filing or giving it a writ number. Could you please let me know if you have recieved it, have filed it, have given it a number and has it been presented to the court? Also if any action at all has been taken on it.

I thank you for any help with this, and await your reply.

                              Respectfull Submitted
                              William Lee Hedrick  pro se
                              William Lee Hedrick
                              # 808650
                              Estelle Geriatric Center
                              264 FM 3478
                              Huntsville, TX. 77340-3542

1.

A19



# AURORA DE LA GARZA
## CAMERON COUNTY DISTRICT CLERK

CRIMINAL DEPARTMENT – APPEALS SECTION
974 EAST HARRISON STREET
BROWNSVILLE, TEXAS 78520

November 6, 2002

William Lee Hedrick
TDCJ-ID #808650
ESTELLE GERIATRIC CENTER
264 FM 3478
Huntsville, Texas 77320-3322

RE:    CAUSE NO. 97-CR-901-B

       THE STATE OF TEXAS
       VS.
       WILLIAM LEE HEDRICK

       IN RE:       SECOND PETITION FOR WRIT OF HABEAS CORPUS
                    FILED 9/25/02

Dear Mr. Hedrick:

This is to acknowledge receipt of the above captioned SECOND PETITION FOR WRIT OF
HABEAS CORPUS.  The State is afforded fifteen (15) days from the day they receive notice of
filing, in which it may order a hearing.

If no order has been entered within thirty-five (35) days from the filing date, the petition will be
forwarded to the Court of Criminal Appeals, for their consideration.

All further correspondence should indicate the above cause number.

Sincerely,

Brenda M. Garcia, Deputy

CC:

File

| CIVIL | CRIMINAL | CHILD SUPPORT | JURY | FAX |
|---|---|---|---|---|
| (956) 544-0838 | (956) 544-0839 | (956) 544-0840 | (956) 544-0842 | (956) 544-0841 |

A26

Office of the Clerk
Court of Criminal Appeals of Texas

December 9, 2002

Re: William Lee Hedrick; Second Petition for Writ of Habeas Corpus, from
138th District Court of Cameron County, Texas, Cause No. 97-CR-401-B Filed 9/15/02

Dear Mr. Tory C. Bennett, Jr., Clerk!

Petitioner, William Lee Hedrick, on 9/15/02, filed with Cameron County District Courts
Clerk, the above listed and numbered petition for writ of habeas corpus (Texas 11.07).
As no hearing was held by 138th District Court, and no copy of any order was recieved
by petitioner, after thirty-five (35) days, from 9/15/02, Petition should have been
forwarded to Court of Criminal Appeals, for consideration.

Petitioner, would at this time request to be notified by this Court Clerk, If the petition
has been recieved, filed, date of filing and number given by this Court, and if one
send to below address.

Sincerely
William Lee Hedrick
William Lee Hedrick pro se
TDCJ-ID #808650
Estelle Geriatric Center
3114 FM 3478
Huntsville, Texas 77320-3322

1.

A 21



## COURT OF CRIMINAL APPEALS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

SHARON KELLER
PRESIDING JUDGE

LAWRENCE E. MEYERS
TOM PRICE
PAUL WOMACK
CHERYL JOHNSON
MIKE KEASLER
BARBARA P. HERVEY
CHARLES R. HOLCOMB
CATHY COCHRAN
JUDGES

TROY C. BENNETT, JR.
CLERK
512 463-1551

RICHARD E WETZEL
GENERAL COUNSEL
512 463-1600

December 11, 2002

Mr. William Hedrick #808650
264 F.M. 3478
Huntsville, Tx 77320

RE:    41,098-01

Dear Mr. Hedrick:

Your letter has been received.  Please be advised:

☐    The Court of Criminal Appeals does not provide copies of any records for free.  Our charge is $1.00 per page payable in advance with the money order being made out to Clerk, Court of Criminal Appeals.  Copies may be obtained cheaper through the State Law Library.  Please contact that agency for assistance.  Number Of Copies of Writ Application:    Cost:  $

☐    Your records will not be returned to you because once records are received in this Court they become the permanent records of this Court.

☒    Your application for writ of habeas corpus has been received.  The status is:
    ☐    Dismissed as a subsequent application on .
    ☐    Pending: You will be notified when a decision is reached.
    ☒    Denied: The application was denied without written order on the findings of the trial court without a hearing on 5-19-99.

☐    Neither the Judges nor the staff of the Court can give legal advice.  We recommend you contact Inmate Legal Services at the Texas Department of Criminal Justice, Institutional Division.

☐    The Court of Criminal Appeals does not provide forms.  Habeas forms may be obtained from the unit law library or contact the District Clerk of the county of your conviction.

☐    Your change of address has been received and noted in our system.

Sincerely

Troy C. Bennett, Jr.
Clerk

A22

Office of the Clerk

Texas Court of Criminal Appeals

December 16, 2002

RE: Cause No. 97-CR-101-B, State of Texas vs. William Lee Hedrick.

IN RE: Second Petition For Writ of Habeas Corpus, under Tex. Code crim. Proc. 11.07;

To Honorable Troy C. Bennett Jr., Clerk:

Today 12-16-02, I recieved your letter of 12-11-02, which stated, Petitioner's Habeas Corpus No. 41,978-01, was denied without a written order or hearing on 5-11-11 That is not what I wrote to you about on 12-1-02. On 9-17-01 I mailed a second habeas corpus under Tex. Code crim. Proc. 11.07 to Clerk at 138th District Court of Cameron County, Texas, who filed it on 1-15-02, and presented it to the Court. Now under 11.07 (b), the Court had fifteen (15) days to order a hearing, and under 11.07(c), if no hearing was held, given twenty (20) days more to send petition to Court of Criminal Appeals.

As I have not heard anymore, than it was filed by Clerk, nothing from Court, so I would like to know if you have recieved and filed this second habeas corpus (11.07)?

If not could you get in touch with the Court, 138th District Court at Cameron County, Roberto Garza Judge, phone 956-544-0847 or Court Clerk, Aurora De La Garza, phone 956-544-0838, fax 956-544-0841, both at 974 East Harrison St. Brownsville, TX., 78520, and see why they have not forwarded, my 11.07, to your office as required by law. Then please notify me by mail.

Sincerely

William Lee Hedrick

William Lee Hedrick pro se

TDCJ-ID #808650

Estelle Geriatric Center

264 FM 3478

Huntsville, TX. 77340-3322

1

A23

138th District Court of Cameron County Texas

December 16, 2002

RE: Cause No. 97-CR-901-B, State of Texas v. William Lee Hedrick.

IN RE: Second Petition for Writ of Habeas Corpus, Filed 1/25/02.

To Honorable Judge Robert Garza:

On 9-17-02 Petitioner, William Lee Hedrick, mailed to the above Court's clerk his second petition for Texas Habeas Corpus, on a form for 11.07. On 11-6-02, he recieved a letter from the Court's Clerk, stating it was filed on 9-25-02, and presented to the court. Under Texas Code of Criminal Procedure 11.07 Sec.3(b) this Court is afforded fifteen (15) days in which it may order a hearing, and under 11.07 sec 3(c), it none arring is held, given twenty (20) days more to send the petition to the Texas court of criminal Appeals.

Today 12-16-02, I recieved a letter of 12-11-02, from Troy C. Bennett Jr, clerk of the court of Criminal Appeals, who states, he has not recieved, the above styled and numbered 11.07 habeas corpus, at his office.

Could you please check your files, and see if you show receipt of forwarding this 11.07, to the Court of Criminal Appeals. If not, please forward it and notify the petitioner, of date forwarded to Court of Criminal Appeals.

Sincerely

William Lee Hedrick

William Lee Hedrick   pro se

Estelle Geriatric Center

264 FM 3478

Huntsville, TX. 77320-3322

1.

A24

**CAUSE NO. 97-CR-901-B**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| WILLIAM LEE HEDRICK | § | 138TH JUDICIAL DISTRICT |

## O R D E R

On September 25, 2002, Defendant in the above cause filed his second application for writ of habeas corpus. The Court, however, finds that the current claims and issues could have been presented in his prior original application.

The Court, therefore, finds that the Second Application fails to state a claim that merits relief under Chapter 11, TEX. CODE CRIM. PROC., and should be dismissed without a hearing.

It is, therefore, recommended that each point in the Second Application for Writ of Habeas Corpus filed by William Lee Hedrick be DISMISSED at this time. The Clerk is hereby directed to transmit forthwith all relevant instruments on file that relate to Applicant's Application to the Clerk of the Texas Court of Criminal Appeals.

Signed for entry on December 2 , 2002.

Judge Presiding

FILED _8-00_ O'CLOCK _P_ M
AURORA DE LA GARZA DIST. CLERK

DEC 05 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_Rosa Maldonado_ DEPUTY

12/13/2002
C: HON YOLANDA DE LEON
    MR WILLIAM LEE HEDRICK

1

A25

Office of the Clerk
Texas Court of Criminal Appeals

December 21, 2002

Re: Texas v. Hedrick, 138th District Court, Cause No. 97-CR-901-B.

To Honorable Troy C. Bennett Jr, Clerk:

Please find enclosed, petitioner's "Response to Judge's Order to Dismiss" (filed 12-05-02) and forwarded to your office, by Trial Court Clerk.

Please file it along with Defendants "Motion for Appointment of Counsel".
Then notify petitioner of date filed and writ number they are filed under.

Sincerely
William Lee Hedrick
William Lee Hedrick  pro se
Estelle Geriatric Center
264 FM 3478
Huntsville, TX. 77340-3312

1.

A26

Texas Court of Criminal Appeals

December 21, 2002

Re: Texas v. Hedrick, 139 District Court, cause no. 97-CR-901-B.

### RESPONSE TO JUDGE'S ORDER TO DISMISS

On, September 25, 2002, Court's Clerk, filed Hedrick's Second Petition For Writ of Habeas Corpus, Texas 11.07, seventy (70) days later, instead of the required (35) thirty-five. The Judge issued his order to dismiss because it fail to state a claim under, Chapter 11, Tex. Code Crim. Proc..

Under Tex. Code Crim. Proc., 11.07 Sec. 4(a)(1), (b).

(1) The legal basis for this second habeas, was not available at the time the first 11.07 (writ no. 91-018-01) was submitted on 1-11-99. This second writ is based upon the U.S. Supreme Court's, later rulings in "Jones" and "Apprendi" 120 S.Ct 2348 and made retroactive to Texas habeas, by 5th Circuit, U.S. Court of Appeals, in 2001.

(2) Ground Number Two: State Trial Court, lacked jurisdiction to convict and sentence, defendant, because of the invalid indictment, which failed to charge an offense under Texas laws. Therefore, accordingly to recent, U.S. Supreme Court rulings (Apprendi 120 S.Ct. 2348), USCA for 5th Cir. (U.S. v. Randle, 259 F3d 319, (2001); u.s. v. Miranda, 248 F3d 434 (2001); Tex. Ct. Crim. App. Cannon 546 SW2d 266 and Reynolds, 547 SW2d 510. Which all state that "a jurisdictional error maybe raised at anytime and are not forfeited by failure (of appointed attorney) to file motion to quash or dismiss the indictment in trial (or on appeal), as (plain) reversible error is present, (on face of indictment) and convictions for a non-crime is a constitutional error

1 of 2 pages

A27

(3). With the 11.07, forms, Petitioner, submitted to trial court a Motion For Appointment of Counsel. Which the Judge never made any reference to in his Order of 11-2-02.

As petitioner, is 61 years old (11-11-33), in very bad health, indigent incarcerated in TDCJ-ID Estelle Geriatric Center, without any physical access to any law library or any form of legal assistance, to help prepare a meritorious writ (11.07), to obtain discovery, exculpatory and empeachment evidence, and dispositions from defense and alibi witnesses, who were excluded from trial, by appointed counsel and prosecutor.

Therefore, petitioner, prays that this Honorable Court, will appoint him a qualified Counsel, to obtain the above items, to prove his innocence, and that the court grant petitioner the relief to which he maybe entitled to, in this proceeding.

I, William Lee Hedrick, declare under the penalty of perjury that the foregoing petition and motion, is true and correct, and was submitted by U.S. Mail on 11-23-02, by:

William Lee Hedrick
William Lee Hedrick  pro se
TDCJ-ID * 803650
Estelle Geriatric Center
264 FM 3478
Huntsville, Tx. 77320-3322

2 of 2 pages

A 28



SHARON KELLER
PRESIDING JUDGE

LAWRENCE E. MEYERS
TOM PRICE
PAUL WOMACK
CHERYL JOHNSON
MIKE KEASLER
BARBARA P. HERVEY
CHARLES R HOLCOMB
CATHY COCHRAN
JUDGES

# COURT OF CRIMINAL APPEALS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

TROY C. BENNETT, JR
CLERK
512 463 1551

RICHARD E WETZEL
GENERAL COUNSEL
512 463 1600

December 30, 2002

Mr. William Hedrick #808650
264 F.M. 3478
Huntsville, Tx 77320

RE:     41,098-02

Dear Mr. Hedrick:

Your letter has been received.  Please be advised:

☐     The Court of Criminal Appeals does not provide copies of any records for free.  Our charge is $1.00 per page payable in advance with the money order being made out to Clerk, Court of Criminal Appeals.  Copies may be obtained cheaper through the State Law Library.  Please contact that agency for assistance.  Number Of Copies of Writ Application:     Cost:  $

☐     Your records will not be returned to you because once records are received in this Court they become the permanent records of this Court.

☒     Your application for writ of habeas corpus has been received.  The status is:
    ☐     Dismissed as a subsequent application on .
    ☐     Pending: You will be notified when a decision is reached.
    ☒     Denied: The application was denied without written order on 7-28-99.

☒     Neither the Judges nor the staff of the Court can give legal advice.  We recommend you contact Inmate Legal Services at the Texas Department of Criminal Justice, Institutional Division. No other Writ of Habeas Corpus Applications has been filed in this Court besides 41,098-01 & 41,098-02.

☐     The Court of Criminal Appeals does not provide forms.  Habeas forms may be obtained from the unit law library or contact the District Clerk of the county of your conviction.

☐     Your change of address has been received and noted in our system.

Sincerely,

*Troy C. Bennett, Jr*

Troy C. Bennett, Jr.
Clerk

SUPREME COURT BUILDING, 201 WEST 14TH STREET, ROOM 106, AUSTIN, TEXAS 78701
WEBSITE WWW.CCA.COURTS.STATE.TX.US

A29

NO. 97-CR-00000901-B

THE STATE OF TEXAS                          CAMERON COUNTY,

VS.                                         TEXAS

WILLIAM LEE HEDRICK                         138TH JUDICIAL DISTRICT
(ID#022969) (DOB: 11/11/33)

THE STATE OF TEXAS

TO THE SHERIFF OF CAMERON COUNTY, TEXAS, GREETING:

YOU ARE HEREBY COMMANDED to forthwith deliver to

WILLIAM LEE HEDRICK

now in your custody, the accompanying certified copy of the indictment
in Cause No. 97-CR-00000901-B, THE STATE OF TEXAS VS. WILLIAM LEE HEDRICK
_____ now pending in the 138TH District Court of
Cameron County, Texas, and to make due return of this writ without
delay.

Issued and given under my hand and seal of office this
SEPTEMBER 06, 1997.

                                            AURORA DE LA GARZA
                                            Clerk of the District Courts of
                                            Cameron County, Texas

BOND: $75,000.00 CASH/SURETY

                    By: _____Gloria Medrano_____ Deputy

=================================================================

OFFICER'S RETURN

Came to hand on _____ at _____ _____.M.,

and executed on 9-9-97 _____ by delivering to within named

defendant  W. L. Hedrick _____, in person, a

certified copy of indictment as directed by this writ.

Returned on  9-9-97 _____

                    _____Omar Lucio_____ Sheriff/Constable

CAMERON COUNTY, TEXAS

By: _____

                                            Deputy

Precept to Serve Copy of Indictment

RECEIVED
SEP - 8 1997
10:27
CAMERON COUNTY SHERIFF'S DEPT
BROWNSVILLE TEXAS

A 30

# IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

THE GRAND JURORS, for the County of Cameron, State aforesaid, duly organized as such at the     JULY

Term, A. D. 19   97, of the     107TH JUDICIAL DISTRICT        in and for

said County, upon their oaths in said Court, present that    WILLIAM LEE HEDRICK

hereinafter called Defendant ,
on or about the             .day of
      31ST                  OCTOBER         A. D One Thousand Nine
Hundred and            and anterior to the presentment of this indictment, in the County of
      NINETY-SIX
Cameron and State of Texas, did then and there unlawfully

intentionally and knowingly, engage in sexual contact by touching with his **hand** the **breast** of **KRISTIAN CORONADO**, child younger than seventeen years of age and not the spouse of the Defendant,

II

AND THE GRAND JURORS AFORESAID, upon their Oaths in said Court, do further present that the Defendant, on or about the 31st day of October, 1996, and anterior to the presentment of this Indictment, in the County of Cameron and State of Texas, did then and there, intentionally and knowingly, engage in sexual contact by touching with his **hand** the **genitals** of **KRISTIAN CORONADO**, child younger than seventeen years of age and not the spouse of the Defendant,

AND THE GRAND JURORS DO FURTHER present that before the commission of the offense now charged above, to wit, on the **15th day of September, 1987**, in Cause Number **87-CR-404-C** in the **197th District** Court of **Cameron** County, State of **Texas**, this Defendant, under the name **William Lee Hedrick**, was duly and legally convicted of the felony offense of **Indecency with a Child**,

against the peace and dignity of the State.

_____
Foreman of the Grand Jury

## 97-CR- 901-B

A31

CAUSE NO. 97-CR-902-B

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| VS | § | CAMERON COUNTY, TEXAS |
| WILLIAM LEE HEDRICK | § | 138TH JUDICIAL DISTRICT |

**JUDGMENT OF JURY VERDICT OF GUILTY;**
**PUNISHMENT FIXED BY JURY-NO PROBATION GRANTED;**
**SENTENCE TO INSTITUTIONAL DIVISION**
**NUNC PRO TUNC**

In the above entitled and numbered cause there was signed for entry on October 10, 1997, a Judgment of Jury Verdict of Guilty; Punishment Fixed by Jury - No Probation Granted; Sentence to Institutional Division, which said Judgment, by clerical error shows the cause number to be 97-CR-902-B, when in fact the correct cause number is 97-CR-901-B. IT IS SO ORDERED, that in order to correct such clerical errors, the floowing Judgment be entered nunc pro tunc in the stead of the Judgment signed for entry on October 10, 1997, and that said Judgment of October 10, 1997, is set aside and held for naught and in all things replaced by the following Judgment of Jury Verdict of Guilty; Punishment Fixed by Jury - No Probation Granted; Sentence to Institutional Division Nunc Pro Tunc:

CAUSE NO. 97-CR-901-B

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| VS | § | CAMERON COUNTY, TEXAS |
| WILLIAM LEE HEDRICK | § | 138TH JUDICIAL DISTRICT |

**JUDGMENT OF JURY VERDICT OF GUILTY;**
**PUNISHMENT FIXED BY JURY-NO PROBATION GRANTED;**
**SENTENCE TO INSTITUTIONAL DIVISION**

A32

# CERTIFIED COPY

## CAUSE NO. 97-CR-902-B

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| VS | § | CAMERON COUNTY, TEXAS |
| WILLIAM LEE HEDRICK | § | 138TH JUDICIAL DISTRICT |

## JUDGMENT OF JURY VERDICT OF GUILTY; PUNISHMENT FIXED BY JURY-NO PROBATION GRANTED; SENTENCE TO INSTITUTIONAL DIVISION

Judge Presiding:    Robert Garza    Date of Judgment: 10/10/97

State's
Attorney:    Jeff Strange    Defendant's
Attorney:    Richard S. Hoffman

Offense
Convicted of:    Indecency with a Child - 2 Counts - Enhanced

Degree of Offense:    First Degree Felony    Date Offense Committed: 10/31/96

Charging Instrument: Indictment

Plea:   Not Guilty

Jury Verdict:   Found Guilty of:  Indecency with a Child - 2 Counts - Enhanced

Plea to Enhancement Paragraphs:    True    Enhancement Paragraph(s):   True

Findings on Use of Deadly Weapon:    n/a

Punishment assessed by:    Jury

Date sentence imposed:    10/1/97    Costs: $124.50

Punishment and
Place of Confinement:   Ninety-nine (99) Years TDCJ-ID    Date to
Commence:   10/1/97

Time Credited:    (119) DAYS    Total Amount of
Restitution/Reparation: n/a

Concurrent unless otherwise specified.

BE IT REMEMBERED that on the **29th day of September, 1997,** this cause was called

to trial and the State appeared by the attorney stated above, and the Defendant and the

*A33*

Defendant's attorney were also present, and the Defendant, having been duly arraigned, pleaded Not Guilty and both parties announced ready for trial; thereupon a jury of twelve good and lawful persons, to wit: **Robert Gonzales** and eleven others, was duly selected, empaneled and sworn according to the law and charged by the Court on separation; whereupon said cause was recessed until **September 30, 1997.**

THEREAFTER, on **September 30, 1997,** the indictment was read to the jury and the Defendant entered his plea of Not Guilty thereto whereupon the State introduced evidence. Defendant rests.   All parties closed, whereupon the charge was prepared and submitted to all counsel.

THEREAFTER, the Court charged the jury as to the law applicable to said cause and argument of counsel for the State and the Defendant was duly heard and concluded, and the jury retired in charge of the proper officer to consider their verdict, and afterward was brought into open court by the proper officer, the Defendant and his counsel being present, and in due form of law returned into open court the following verdict, which was received by the Court and is here now entered upon the Minutes of the Court, to wit:

> **"We, the Jury, find the defendant, William Lee Hedrick**
> **"Guilty" of Indecency with a Child, as charged in Count I**
> **in the indictment.**
>
> **/s/ Robert Gonzales**
> **Presiding Juror**
>
> **"We, the Jury, find the defendant, William Lee Hedrick**
> **"Guilty" of Indecency with a Child, as charged in Count II**
> **in the indictment.**
>
> **/s/ Robert Gonzales**
> **Presiding Juror"**

*A34*

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that the Defendant is guilty of the offense of **Indecency with a Child - Counts I and II,** as found by the jury, and that said offenses were committed on **October 31, 1996.**

THEREUPON, the Defendant, having previously elected in writing to have his punishment assessed by a jury, the same jury was duly empaneled to assess said Defendant's punishment in said cause, and the evidence submitted for the State and for the Defendant was dul heard, and the Court recessed until October 1, 1997.    Thereafter, on October 1, 1997, evidence was resumed, and at the conclusion of such evidence, the Court charged the jury with additional instructions as to the law applicable to punishment of said cause and arguments of State and Defendant were duly heard and concluded and the jury retired in charge of the proper officer to consider their verdict as to Defendant's punishment, and thereafter returned into open court, accompanied by the proper officer, the Defendant and his counsel being present, and in due form of law, the vollowing verdict, which was received by the Court is here now entered upon the Minutes of the Court, to wit:

> **"We, the Jury, having found the defendant, William Lee Hedrick, guilty of Indecency with a Child - Enhanced, assess his punishment at confinement in the Texas Department of Criminal Justice, Institutional Division for _99_ years (being not less than five (5) years nor more than ninety-nine (99) years), and assess a fine of $10,000.00. (Answer in dollars and cents, not exceeding $10,000.00 or "None")**
>
> **/s/ Robert Gonzales**
> **Presiding Juror"**

IT IS ORDERED by the Court that the Defendant, who has been adjudged guilty of the offense of **INDECENCY WITH A CHILD, COUNTS I AND II - ENHANCED,** as found by

*A35*

the jury, be and is hereby sentenced to **NINETY-NINE (99) YEARS,** in the Texas Department of Criminal Justice, Institutional Division. The Defendant shall be taken by the authorized agent of the State of Texas or by the Sheriff of Cameron County, Texas, and by him safely conveyed and delivered to the Director of the institutional division of the Texas Department of Criminal Justice, there to be imprisoned in the manner and for the period aforesaid. The Defendant is hereby remanded to the custody of the Sheriff, until such time as the Sheriff can obey the directions of this sentence.

IT IS FURTHER ORDERED by the Court that Defendant's left or right thumb be fingerprinted, and that said thumbprint be marked as Exhibit "A" and is made a part hereof for all purposes.

Said Defendant is given credit on this sentence for (119) days on account of the time spent in jail.

SIGNED FOR ENTRY: October 10, 1997.

---

ROBERT GARZA
Judge Presiding

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT, CAMERON COUNTY TEXAS
BY _____

FILED
2:50 p
OCT 1 0 1997
DISTRICT COURT, CAMERON COUNTY, TEXAS
BY _____

Rosa Maria Ochoa

A 36

*Original*

Rcvd. 4-07-03    OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
                 P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

RE: Writ No. 41,098-03
STYLE: William Lee Hedrick
TRIAL CT NO: 97-CR-901-B
April 2, 2003

        This is to advise that the Court has dismissed without
written order the subsequent application for writ of habeas
corpus.  See Art. 11.07, Sec. 4, V.A.C.C.P.

                                    Troy C. Bennett, Jr., Clerk


                    WILLIAM LEE HEDRICK   TDC# 808650
                    032   ESTELLE UNIT
                    264 FM 3478
                    HUNTSVILLE  TX  77320-3322

            20

A37

547 S.W.2d 1.   Page 2

Court of Criminal Appeals of Texas.

Charles William VICTORY, Appellant,
v.
The STATE of Texas, Appellee.

No. 50764.

Jan. 21, 1976.
Opinion on State's Motion for Rehearing Nov. 3, 1976.
Dissenting Opinion on State's Second Motion for Rehearing March 9, 1977.

Defendant was convicted in the Criminal District Court No. 5, Dallas County, Ed Gossett, J., for indecency with a child. Defendant appealed. The Court of Criminal Appeals, Davis, C., held that under a statute providing that particular intent, if it is a material fact in description of an offense, must be stated in the indictment, an indictment charging that defendant knowingly and intentionally engaged in sexual contact with a child younger than 17 years and not then defendant's spouse by touching the genitals of the said child failed to aver the necessary culpable state of mind under the offense charged.

Reversed, and cause dismissed.

Douglas, J., dissented on denial of State's second motion for rehearing.

West Headnotes

[1] Infants 20
211k20 Most Cited Cases

Under statute providing that particular intent, if it is a material fact in description of offense, must be stated in indictment, indictment charging that defendant knowingly and intentionally engaged in sexual contact with child younger than 17 years and not then defendant's spouse by touching the genitals of the said child failed to aver necessary culpable state of mind under the offense charged. V.T.C.A., Penal Code §§ 21.01(2), 21.11(a)(1); Vernon's Ann.C.C.P. art. 21.05; Vernon's Ann.P.C. art. 1436b.

[2] Infants 13
211k13 Most Cited Cases

[2] Infants 20
211k20 Most Cited Cases

Term "sexual contact" as used in statute defining indecency with child is word of art with specialized meaning; intent is thus a material part, is an essential part of description of offense and must be alleged in the indictment. Vernon's Ann.C.C.P. art. 21.05; V.T.C.A., Penal Code §§ 21.01(2), 21.11(a)(1).

[3] Criminal Law 13(1)
110k13(1) Most Cited Cases

Definitions were grouped together, in new Penal Code not so that matters therein would not be elements, but rather for simplification, accessibility and uniformity of meanings where such was intended. Vernon's Ann.C.C.P. art. 21.05; V.T.C.A., Penal Code §§ 1.07, 1.07(a)(8, 13), (a)(13)(A, B), 21.11(a)(1), 43.01 et seq.; Acts 1973, c. 399, § 2.

[4] Criminal Law 88
110k88 Most Cited Cases

Accompanying mental state to act or omission is part of "conduct" as statutorily defined, and is something apart from and in addition to required "culpability," and thus indictment in alleging facts constituting "forbidden conduct" must allege both act or omission and accompanying mental state, if any. Vernon's Ann.C.C.P. art. 21.05; V.T.C.A., Penal Code §§ 1.07, 1.07(a)(8, 13), (a)(13)(A, B); Acts 1973, c. 399, § 2.

Mitchell D. Stevens, Dallas, for appellant.

Henry Wade, Dist. Atty., Richard W. Wilhelm and Les Eubanks, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for indecency with a child. Punishment was assessed by the jury at two years.

At the outset, appellant contends the court erred in overruling his motion to quash the indictment.

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

A38

547 S.W.2d 1.                                                          Page 3

The pertinent portion of the indictment alleges that appellant did

"then and there knowingly and intentionally engage in sexual contact with J_____ V_____, a child younger than 17 years and not then the spouse of the Defendant, by touching the genitals of the said J_____ V_____."

[1] Appellant urges that the "intent to arouse or gratify the sexual desire of any person" is an element of the offense and that the indictment is defective for failure to allege such culpable mental state.[FN1]

> FN1. See New Texas Penal Code Forms, Sec. 21.11A, "Indecency with a Child Sexual Contact" (W. Morrison & T. Blackwell, 1973).

V.T.C.A. Penal Code, Sec. 21.11(a)(1) defines the crime of indecency with a child:

"(a) A person commits an offense if, with a child younger than 17 years and not his spouse, whether the child is of the same or opposite sex, he:
(1) engages in sexual contact with the child."

The term "sexual contact" for the purposes of this chapter of the Penal Code is defined by V.T.C.A. Penal Code, Sec. 21.01(2):

"(2) 'Sexual contact' means any touching of the anus or any part of the genitals of another person or the breast of a female 10 years or older with intent to arouse or gratify the sexual desire of any person."

Article 21.05, V.A.C.C.P. provides that, "Where a particular intent is a material fact in the description of the offense, it must be stated in the indictment; . . .." See Worthington v. State, Tex.Cr.App., 469 S.W.2d 182.

The State cites Middleton v. State, Tex.Cr.App., 476 S.W.2d 14, where an indictment charging theft of mercury under Art. 1436b, V.A.P.C. was held not to be void on its face where it failed to aver that accused intended to deprive the owner of the value of the alleged stolen property. We find Middleton distinguishable from the instant case since Art. 1436b, supra, under which prosecution was had in Middleton, provided,

". . . and for the purpose of this Act, the word 'steal' shall mean to take wrongfully and without just claim of authority any mercury, and the word 'steal' need not be defined in any indictment for

the prosecution of any offense hereunder." (Emphasis supplied)

The Legislature has not seen fit to provide that a key word shall dispense with the necessity of averring a necessary culpable state of mind under the offense charged in the instant case.

We find that the court erred in overruling appellant's motion to quash the indictment.

The judgment is reversed and the cause dismissed.

Opinion approved by the Court.

### OPINION ON STATE'S MOTION FOR REHEARING

ODOM, Judge.

The State in its motion for rehearing urges that the indictment in this case was sufficient, and that the reversal should be set aside.

First, we emphasize what was said in our opinion on original submission: appellant's contention is that the trial court erred in overruling his motion to quash the indictment.

Article 21.05, V.A.C.C.P., quoted in our opinion on original submission, provides:

"Where a particular intent is a material fact in the description of the offense, it must be stated in the indictment, . . ."

Appellant, in his motion to quash the indictment, stated that it failed to comply with this statutory provision. The motion was nevertheless denied.

The State presents several arguments in support of its motion. They may be identified as (1) Article 21.05, supra, does not apply; (2) to require pleading of a particular intent would create chaos; (3) Earl v. State, Tex.Cr.App., 514 S.W.2d 273, and Gonzales v. State, Tex.Cr.App., 517 S.W.2d 785, are in conflict with our holding on original submission; and (4) the legislative scheme of the new Penal Code dispensed with the need to plead the particular intent in this case.

The first argument is succinctly summed up in the following statement from the State's brief:

"That article (21.05, supra) only requires the statement of a particular intent in the indictment

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

A39

547 S.W.2d 1.    Page 4

when it 'is a material fact in the description of the offense.' The description of the offense as set forth in the statute does not state the secondary intent as a material fact in its description."

[2] Article 21.05 requires that a particular intent must be pleaded if it is a material fact in the description of the offense. V.T.C.A. Penal Code, Sec. 21.11(a)(1) defines indecency with a child. That statutory provision includes in its definition the term "sexual contact", which, in turn, is given a particular legal meaning in V.T.C.A. Penal Code, Sec. 21.01(2). "Sexual contact" is, as the State characterizes it in its brief, "a word of art" with "a specialized meaning." Part of that "specialized meaning" is the requirement that the acts therein described be committed with a particular intent. The intent is, then, a material fact and, indeed, an essential part of the description of the offense.

The State appears to contend that only the section of the code commencing "A person commits an offense if" is to be examined to determine the description of the offense. Such a holding upon enactment of a statute providing "A person commits an offense if he commits burglary", and defining burglary in a different section, would support an indictment that alleged no more than that John Doe on or about a stated date did commit burglary. It is manifest that the State's position is based upon a mere technicality and is untenable.

Furthermore, if the State's position that the particular intent is not a material fact were correct, not only could the matter here at issue be omitted from the indictment, but it could be dispensed with in the proof as well. It cannot be denied that the particular intent here is a material fact in the description of the offense, and must be alleged in the indictment. The State's first argument is without merit.

The State next argues that "the effect of the construction which the Court has placed upon this Code by this decision leads us to utter chaos when it is applied to Chapter 43 of the new Penal Code." This Court does not render advisory opinions and we will not do so on Chapter 43. The thrust of the State's argument, however, appears to be no more than this: to require the State to plead a particular intent in addition to the general culpable mental state will require the State to plead more than one intent. [FN1] The thrust is true, but we fail to see how that

would create chaos in the law. Article 21.05, V.A.C.C.P., requires particular intents be pleaded Further, the new Penal Code is not just a collection of separate statutes; it is an integrated whole. Definitions of terms with special meanings for purposes of the entire Code are collected in Sec. 1.07 thereof, and other definitions are collected at the beginning of relevant chapters. Anyone who reads the Code as a whole will be cognizant of its structure, and should have no trouble recognizing which offenses require a particular intent and which do not. So long as the statutes are consulted for guidance in drafting pleadings and for guidance in ruling upon exceptions to indictments, there will not be the chaos suggested in the State's brief. The State's second argument is without merit.

FN1. The law does require pleading more than one mental element in some offenses. See discussion of V.T.C.A. Penal Code Sec. 1.07(a)(8) and (13) below. But see also Teniente v. State, cited and discussed below.

The State next asserts, "Very plainly, this decision is in conflict with Earl v. State, (Tex.Cr.App.,) 514 S.W.2d 273, where the court held that it was not necessary to plead the elements of theft in charging robbery 'in the course of committing theft,' " and "It would appear by the same reasoning that this opinion is in conflict with Gonzales v. State, (Tex.Cr.App.,) 517 S.W.2d 785." The reasoning in support of these assertions is, as worded in the State's brief:

"In that case (Earl v. State) the definition of theft is contained in another chapter. In the instant case the definition of sexual contact is contained in a separate section from the definition of the offense."

In Earl v. State, supra, it was contended that the indictment, which charged robbery and alleged the acts were committed "while in the course of committing theft," was defective for failure to allege the constituent elements of theft. The Court observed:

"Thus the actual commission of the offense of theft is not prerequisite to commission of a robbery, nor need the victim of the theft or attempted theft and the victim of the robbery be the same."

Nowhere was it even suggested in Earl that the location of the definition of theft in the Penal Code was determinative of the appeal. Neither was the indictment in that case violative of Art. 21.05, supra, as is the indictment in this case.

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

A40

547 S.W.2d 1.                                                      **Page 5**

Gonzales v. State, supra, considered a challenge to a burglary indictment. The indictment there alleged the acts were committed "with intent to commit theft," but did not allege the constituent elements of theft. The Court held that allegations of the constituent elements of theft were not required. It did not hold that allegations of the particular intent were dispensable. The indictment in that case, unlike the one in this case, did allege the particular intent as required by Art. 21.05, supra.

We also observe at this point that our recent opinion in Teniente v. State, Tex.Cr.App., 533 S.W.2d 805 is likewise not in conflict with our decision today. Not only was there no motion to quash in Teniente, but, even more importantly, the burglary indictment in that case did allege the particular accompanying intent required by Art. 21.05, supra, in that it alleged the acts were committed "with the intent to commit theft." The opposite is true here. Teniente stands for the proposition that the allegation of the required particular intent sufficed for the more general culpable mental state as well. The instant case presents precisely the opposite issue: does an allegation of the general culpable mental state dispense with the need to allege the particular intent? Art. 21.05, supra, answers that the particular intent itself must be alleged.

The reversal of this conviction not only is not in conflict with the cases cited by the State; it does not even involve the same principles of law that controlled the dispositions of those earlier cases. The State's third argument is without merit.

[3] The State's final argument is as follows:
"An overview of the entire Penal Code makes it clear that the Legislature intended, by placing definitions of terms in separate articles than within the definition of the offense itself that they were not stating specific elements of the offense in its description but merely defining subordinate terms so that the jury could be so instructed."
No legislative history or statement of legislative intent is cited in support of this assertion. It is our opinion that definitions were grouped together in Sec. 1.07, supra, and other sections, not so that the matters therein would not be elements, but rather for simplification, accessibility and uniformity of meanings where such was intended. The definitions themselves refute the State's position. Sec. 1.07(a), supra, provides in relevant part:
"(13) 'Element of offense' means:

(A) the forbidden conduct;
(B) the required culpability;
(C) any required result; and
(D) the negation of any exception to the offense."
And also:
"(8) 'Conduct' means an act or omission and its accompanying mental state."

[4] In alleging the facts constituting the forbidden conduct, an indictment must allege both the act or omission and the accompanying mental state, if any. The accompanying mental state to the act or omission is part of the conduct, as statutorily defined (Sec. 1.07(a)(8)), and is something apart from and in addition to the required culpability (Sec. 1.07(a)(13)(A) as distinguished from Sec. 1.07(a)(13)(B)).

Furthermore, the new Penal Code was enacted primarily as a code of substantive criminal law. Changes in criminal procedure were small in number and are found in the conforming amendments. Acts 1973, 63rd Leg., Ch. 399, Sec. 2. The State, in effect, argues that the formal structure of the new Penal Code evidences a legislative intent that the pleading requirements of Art. 21.05, V.A.C.C.P., not apply here. Had the Legislature intended to repeal or amend the provision of the Code of Criminal Procedure upon which this reversal is founded, we feel such purpose would have been effected in the same manner that numerous amendments were made to that code. Its failure to do so is significant.

The State's fourth argument is also without merit.

The motion for rehearing is denied.

## DISSENTING OPINION ON STATE'S SECOND MOTION FOR REHEARING

DOUGLAS, Judge.

The majority overrules the State's motion for rehearing without written opinion. The indictment alleges, in substance, that appellant did "then and there knowingly and intentionally engage in the sexual contact of _____, a child younger than seventeen years of age, not being the spouse of the defendant, by touching the genitals of the said _____."

This alleges an offense under V.T.C.A., Penal

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

A41

547 S.W.2d 1.                                                      Page 6

Code, Section 21.11(a)(1), which provides:
"(a) A person commits an offense if, with a child younger than 17 years and not his spouse, whether the child is of the same or opposite sex, he:
(1) engages in sexual contact with the child; . . ."

The definition of "sexual contact", that it should be done with intent to arouse or gratify the sexual desire of any person, is merely a definition. The allegation that he intentionally and knowingly engaged in sexual contact with a child under seventeen years by touching the genitals connotes that it was done with the intent to gratify sexual desire. It rules out an accidental touching. It should not be required by this Court that the obvious be alleged.

The requirement that with intent to arouse or gratify the sexual desire of any person is necessary after alleging that one knowingly engaged in sexual contact with a child under seventeen years of age is requiring, in effect, to inform him of something that he is already aware of as alleged in the indictment.

There is no showing that appellant was any way misled or did not know what he was charged with.

Article 21.17, V.A.C.C.P., provides:
"Words used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning, or which include the sense of the statutory words."

Article 21.12, V.A.C.C.P., provides:
"When a statute defining any offense uses special or particular terms, indictment on it may use the general term which, in common language, embraces the special term. To charge an unlawful sale, it is necessary to name the purchaser."

See Baldwin v. State, 538 S.W.2d 109 (Tex.Cr.App.1976), and the authorities there cited. In Reynolds v. State, 547 S.W.2d 590 (Tex.Cr.App.1976), and in Ex parte Cannon, 546 S.W.2d 266 (Tex.Cr.App.1976), the majority and this writer disagree on what has to be alleged in indictments. It would serve no useful purpose to repeat the arguments. See also Jones v. State, 545 S.W.2d 771 (Tex.Cr.App.1975, motion for rehearing, January 26, 1977), including the concurring and dissenting opinions.

The State's motion for rehearing should be granted and the judgment should be affirmed.

END OF DOCUMENT

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

A42

548 S.W.2d 30.                                                                                    Page 2
(Cite as: 548 S.W.2d 30)

☞

Court of Criminal Appeals of Texas.

Frank SLAVIN, Appellant,
v.
The STATE of Texas, Appellee.

No. 52606.

March 9, 1977.
Rehearing Denied March 30, 1977.

Defendant was convicted in Criminal District Court No. 3, Tarrant County, Charles W. Lindsey, J., of indecency with a child and he appealed. The Court of Criminal Appeals, Dally, C., held that indictment which failed to allege that touching of genitals of the named child was done with intent to arouse or gratify the sexual desire of any person was fatally and fundamentally defective and reversible error was presented even though motion to quash or to dismiss the indictment was not filed.

Reversed and prosecution ordered dismissed.

Douglas, J., dissented.

West Headnotes

**Criminal Law** ☜➞1044.1(2)
110k1044.1(2) Most Cited Cases

**Infants** ☜➞20
211k20 Most Cited Cases

Indictment for indecency with child which failed to allege that touching of genitals of the named child was done with the intent to arouse or gratify the sexual desire of any person was fatally and fundamentally defective and even though motion to quash or to dismiss the indictment was not filed, reversible error was presented. Vernon's Ann.C.C.P. arts. 21.03, 21.05; V.T.C.A., Penal Code § 21.01(2).
*31 Dalton C. Gandy, Fort Worth, court appointed on appeal only, for appellant.

Tim C. Curry, Dist. Atty., and Marvin Collins, Asst. Dist. Atty., Fort Worth, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of indecency with a child; the punishment, which is enhanced by prior felony convictions, is imprisonment for life.

The appellant asserts that the indictment is fundamentally defective. We agree. The State attempted to allege the commission of this offense in exactly the same words that we held to be insufficient in Victory v. State, Tex.Cr.App., 547 S.W.2d 1 (Decided January 21, 1976, opinion on motion for rehearing delivered November 3, 1976).

The indictment in the case at bar in pertinent part reads:
". . . did then and there knowingly and intentionally engage in sexual contact with V R F , a child younger than 17 years and not then the spouse of the defendant, by touching the genitals of V R F ."

In Victory v. State, supra, the indictment was held to be defective because it failed to allege that the touching of the genitals of the named child was done with the intent to arouse or gratify the sexual desire of any person. It was there said that the indictment must allege the particular intent because it was a material fact in the description of the offense. Art. 21.05, V.A.C.C.P. Also, Art. 21.03, V.A.C.C.P. requires that everything should be stated in an indictment which is necessary to be proved. It is necessary to prove the specific intent required by the statute. V.T.C.A., Penal Code, Sec. 21.01(2).

Since the indictment omitted the necessary allegation of the particular intent, the indictment is fatally and fundamentally defective, and even though a motion to quash the indictment or a motion to dismiss the indictment was not filed, reversible error is presented. See Reynolds v. State, Tex.Cr.App., 547 S.W.2d 590 (Decided November 3, 1976).

The judgment is reversed and the prosecution on this indictment is ordered dismissed.

Opinion approved by the Court.

DOUGLAS, J., dissents.

END OF DOCUMENT

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

A43

548 S.W.2d 37.
(Cite as: 548 S.W.2d 37)

Page 2

**C**

Court of Criminal Appeals of Texas.

J. D. WESLEY, Jr., Appellant,
v.
The STATE of Texas, Appellee.

No. 51906.

March 16, 1977.

By a judgment of the 204th Judicial District Court, Dallas County, Richard Mays, J., the defendant was convicted of the offense of indecency with a child and he appealed. The Court of Criminal Appeals, Brown, C., held that failure of indictment to allege the essential element of an intent to arouse or gratify the sexual desire was an error of substance which could be raised for the first time on appeal and such defect in indictment constituted reversible error.

Judgment reversed and cause ordered dismissed.

Douglas, J., dissented.

West Headnotes

**[1] Criminal Law** ⚖ 1032(1)
110k1032(1) Most Cited Cases

Alleged defect in indictment raised for first time on appeal will be reviewed only in the interest of justice. Vernon's Ann.C.C.P. art. 40.09, subd. 13.

**[2] Criminal Law** ⚖ 1032(5)
110k1032(5) Most Cited Cases

If indictment fails to charge that an offense was committed, such failure is an error in substance which may be raised for the first time on appeal. Vernon's Ann.C.C.P. art. 40.09, subd. 13.

**[3] Indictment and Information** ⚖ 60
210k60 Most Cited Cases

Indictment must allege both the act or omission and the accompanying mental state. V.T.C.A., Penal Code § 1.07(a)(13).

**[4] Criminal Law** ⚖ 1032(5)
110k1032(5) Most Cited Cases

**[4] Criminal Law** ⚖ 1167(1)
110k1167(1) Most Cited Cases

**[4] Infants** ⚖ 20
211k20 Most Cited Cases

Failure of indictment, charging indecency with a child, to allege an element of the offense, namely, "intent to arouse or gratify the sexual desire of any person" was an error of substance which could be raised for the first time on appeal, and the failure to allege intent constituted reversible error. V.T.C.A., Penal Code § 1.07(a)(13), 21.11; Vernon's Ann.C.C.P. art. 40.09, subd. 13.
*37 Rod Poirot, Lawrence B. Mitchell, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Steve Wilensky and Norman Kinne, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

BROWN, Commissioner.

This is an appeal from a conviction for indecency with a child under V.T.C.A. Penal Code, Art. 21.11. Trial was before a jury and punishment was assessed by the trial court at ten (10) years in the Texas Department of Corrections.

[1] We note at the outset that appellant filed a supplemental brief in the trial court *38 and in this Court in which he raises for the first time a new ground of error alleging a defect in the indictment. We have previously held that such a ground will be reviewed only in the interest of justice. Vernon's Ann.C.C.P., Art. 40.09, Sec. 13; Henriksen v. State, 500 S.W.2d 491 (Tex.Cr.App.1973); Kalmbach v. State, 481 S.W.2d 151 (Tex.Cr.App.1972).

Appellant contends that the indictment is defective in that it failed to allege an element of the offense; namely, "intent to arouse or gratify the sexual desire of any person." We note that if appellant had filed a motion to quash the indictment that the disposition of this case would be controlled by the recent decision in Victory v. State, Tex.Cr.App., 547 S.W.2d 1 (No. 50,764 decided January 21, 1976) (State's Motion for Rehearing overruled, November 3, 1976). The issue then is whether the defect in the indictment presents reversible error in the absence of a motion to quash.

[2] In American Plant Food Corporation v. State, 508 S.W.2d 598 (Tex.Cr.App.1974) we held that if

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

*A44*

548 S.W.2d 37.
(Cite as: 548 S.W.2d 37)

Page 3

an indictment fails to charge that an offense was committed, such failure is an error in substance and may be raised for the first time on appeal.

[3][4] In Victory v. State, supra, we held that an indictment must allege both the act or omission and the accompanying mental state because the "accompanying mental state to the act or omission is part of the conduct." V.T.C.A. Penal Code, Sec. 1.07(a)(13) states that "elements of an offense" means the "forbidden conduct" plus the required culpability as well as the result and the negation of any exception to the offense.

Therefore, since the requisite intent is an essential element of the offense, the failure to allege intent would constitute an error of substance which can be raised for the first time on appeal. American Plant Food v. State, supra. Furthermore, failure to allege the intent constitutes reversible error. Victory v. State, supra.

The judgment is reversed and the cause ordered dismissed.

Opinion approved by the Court.

DOUGLAS, J., dissents in the dissenting opinion in Victory v. State, 547 S.W.2d 1 (No. 50,764) motion for rehearing overruled March 9, 1977.

END OF DOCUMENT

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

*A45*

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 01-40719
USDC No.  B-99-CV-186

———————————

U. S. COURT OF APPEALS
FILED
MAY 1 3 2002

CHARLES R. FULBRUGE III
CLERK

WILLIAM LEE HEDRICK,

                          Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                          Respondent-Appellee.

———————————

Appeals from the United States District Court
for the Southern District of Texas

———————————

O R D E R:

    William Lee Hedrick, Texas prisoner # 808650, seeks a
certificate of appealability ("COA") to appeal from the district
court's denial on the merits of his 28 U.S.C. § 2254 petition.
To obtain a COA, Hedrick must make a substantial showing of the
denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2).

    Hedrick does not challenge or identify any error in the
district court's denial on the merits of the issues he raised in
his § 2254 petition.  By not raising or briefing these issues in

A46

O R D E R
No. 01-40719
- 2 -

his COA motion or brief, Hedrick has abandoned them.  See Hughes
v. Johnson, 191 F.3d 607, 613 (5th Cir. 1999).

Hedrick requests a COA to appeal the magistrate judge's
order that the district court close the case and send it back to
the Fifth Circuit.  This court lacks jurisdiction to review the
magistrate judge's order.  See Colburn v. Bunge Towing, Inc., 883
F.2d 372, 379 (5th Cir. 1989); Trufant v. Autocon, Inc., 729 F.2d
308, 309 (5th Cir. 1984).

Hedrick asserts that the district court erred in closing the
case without holding an evidentiary hearing or ruling on two
pending motions, which were not filed in the instant case, but
were filed mistakenly in another of his cases.  Because the
motions were not filed in the instant case, there is no action by
the district court reviewable by this court in the instant
appeal.

Hedrick makes the conclusional statement that the district
court's denial of his second motion to compel contradicts the
court's grant of his first such motion to compel the defendants
to not interfere with his access to the courts.  Hedrick has
abandoned this argument by failing to brief it adequately in his
COA brief.  See Hughes, 191 F.3d at 613.

He also asserts that the district court erred in dismissing
his in forma pauperis ("IFP") application, which he attached to
his notice of appeal to the Fifth Circuit from certain magistrate
judge's orders.  Because this court lacked jurisdiction over an

A47

O R D E R
No. 01-40719
- 3 -

appeal from the magistrate judge's orders, see Colburn, 883 F.2d

at 379, Hedrick has not shown that the district court erred by

not granting the IFP motion.

Hedrick notes that the district court denied his "Motion for

Discovery of Criminal Records of State[']s Witnesses," his motion

to take the depositions of defense and alibi witnesses, and his

motion to compel Respondent's attorney to produce discovery," and

he argues the merits of these motions.  Hedrick's motions were

unauthorized, and the district court was without jurisdiction to

entertain them.  See United States v. Early, 27 F.3d 140, 141

(5th Cir. 1994).

Hedrick seeks in this court to amend his appeal to include

an Apprendi[1] claim, asserting that the indictment did not allege,

and the jury was not required to find beyond a reasonable doubt,

an essential element of the offense.  Hedrick also seeks to

supplement his § 2254 petition with claims that the penalty he

received is grossly disproportionate to the offense of conviction

and that prison officials were deliberately indifferent to his

serious medical needs.  Because these arguments are raised for

the first time in the COA motion, this court lacks jurisdiction

to consider them.  See Whitehead v. Johnson, 157 F.3d 384, 387-88

(5th Cir. 1998).  Hedrick's motions to amend his appeal and to

supplement his complaint are DENIED.

---

[1]  Apprendi v. New Jersey, 530 U.S. 466 (2000).

A48

O R D E R
No. 01-40719
- 4 -

Hedrick has filed in this court his motion for discovery of the State's witnesses' criminal records. Red tab F, _passim_. He cites no authority under which this court could exercise jurisdiction over such a motion, and the motion is DENIED. <u>See Early</u>, 27 F.3d at 142.

Hedrick has not made a substantial showing of the denial of a constitutional right. <u>See</u> 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). Accordingly, his motion for a COA is DENIED. Because Hedrick cannot proceed with this appeal without the issuance of a COA, <u>see</u> 28 U.S.C. § 2253(c)(1), his motions to proceed IFP on appeal and for the appointment of appellate counsel are DENIED.

COA DENIED; IFP DENIED; APPOINTMENT OF COUNSEL DENIED; MOTION TO AMEND APPEAL DENIED; MOTION TO SUPPLEMENT COMPLAINT DENIED.

_____
JAMES L. DENNIS
UNITED STATES CIRCUIT JUDGE

A49

CLERK OF UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS TYLER DIVISION

May 13, 2003

RE: Hedrick v. Cockrell, USDC-EDTexas Case No.
From Texas Court of Criminal Appeals, writ No. 41-098-03

TO THE HONORABLE CLERK OF SAID COURT:

   Please include this letter with the enclosed writ of habeas corpus, As to show some of the obstructions that TDCJ-ID, is placing on the inmates here in the Estelle Geriatric Center, to prevent us from researching and filing any legal writs.

   We do not have a law library in our buildings, we are not allowed to go over to the law library in main building, therefore we have no way to research the courts, new cases and rulings. Our legal mail (outgoing) is not picked up, to be taken to law library for mailing, for several days, after being deposited here. I have sent in three requests for an indigent writ envelope, a copy of my inmate trust fund, and indigent postage to mail this writ to this court. The first was on May 4, 2003, and I never recieved any of them until today, May 13, 2003.

   The indigent inmate attorney service (State Counsel for Offenders), has refused to come or help anyone on this unit. and I do not have any funds to hire an attorney or other legal aid, to help me prepare my writ or obtain exculpatory evidence to prove my allegation of constitutional violations and my innocence. Therefore I pray this Court will excuse the poor quality of my writ and instead look at the injustice that has been done to me, and give a chance for me to prove it before this Honorable Court.

Sincerely
William Lee Hedrick
William Lee Hedrick pro se

ii