IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED
SEP 1 7 2003
Michael N. Milby
Clerk of Court

WILLIAM LEE HEDRICK         *
    Petitioner,             *
VS.                         *   CIVIL ACTION NO. B-03-129
DIRECTOR, TDCJ-ID           *
    Respondent              *

## NOTICE TO APPEAL THE
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Notice is hereby given that, William Lee Hedrick (Petitioner) in the above named case, hereby appeals, to Judge of the United States District Court for the Southern District of Texas, Brownsville Division. Magistrate John Wm. Black's Orders, this court's docket numbers 7 and 10, and Magistrate Judge's Report and Recommendation, docket number 6.

This court has jurisdiction to hear petitioners appeal, because the Magistrate's orders are appealable only in this court because the are not final orders, only recommendations. Therefore not appealable in a U.S. Court of Appeals.

I

Magistrate Black's, order of 8-26-03, which was recieved by petitioner on 9-5-03. This court's doc.#10. "It is ORDERED that Hedrick's Motion for change of Jurisdiction be Denied. DONE at Brownsville, Texas, this 26 day of August 2003."

(1.) Petitioner, submitted this motion, to Judge George P. Kazen, USDC-SD Texas, Houston Div., on 6-9-03, court doc.#9. Somehow it got down to this court and was denied my a Magistrate Black. Why wasn't it heard my a Judge and why wasn't it ruled upon in Houston, USD Court.

(2) Petitioner, had requested the change of courts, because.

(a) because of the Cameron County Officials, close association to the personell of USDC-SD Texas, Brownsville, officials, petitioner could not get an unprediced hearing or trial. As proven by the rulings in his prior lawsuit and habeas

page one of 4 pages

corpus, denied with bias and use of judicial misconduct, without ever allowing petitioner any exculpatory evidence, defense or alibi witnesses, or legal assistance. Never ruling upon the merits of his allegations of constitutional violations. All because of his being incarcerated several hundred miles from the courts, defense witnesses, and evidence to prove his actual innocence. Just because of his being indigent, without family or close friends who could or would help him.

( ) Petitioner, who has written to several attorneys, law firms and organizations. In and around Cameron County, but none care to help, him or his family, because of the prejudice of Cameron County Officials against him, and the fear of retaliation from Judge and County officials, for showing their misconduct against petitioner.

( ) After being threatened and intimidated by Prosecution, Petitioner's defense and alibi witnesses fear going to any court in Brownsville or Cameron County.

(d) No court state of federal, has given to petitioner or his trial or appeal counsel, any pre-trial or evidentiary hearings, on the many constitutional violations, done before, durring and after the trial.

## II

Magistrate Black's, Order of 8-20-03, court's docket No. 7, "It is ORDERED that Hedrick's motion be DENIED." Pro se Motion Requesting Appointment of Counsel (Docket No. 3). Is wrong and unjust, because:

(1) All state and federal courts, have denied indigent petitioner, his constitutional Amendment Six, right to have EFFECTIVE ASSISTANCE OF COUNSEL, in trial, appeals, and habeas corpuses. When anyone of Petitioner's allegations of constitutional violations, if proven would prove petitioner, actually innocence of the charged offense. The Supreme Court in "Townsend" and "Blackmon" 22F3d 567n. 28 (5th Cir. 1994). "There cannot be the semblance of a full and fair hearing unless the state court actually reached and decided the issues of fact tendered by the defendant." As such when the state did not resolve a fact issue that would entitle the petitioner to relief if resolved in his favor, the petitioner is entitled to an evidentiary hearing on the issue." Id. at 313, 83 SCt at 756.

Then why was petitioner not given a evidentiary hearing on his claim of ineffective assistance of counsel in trial and appeal courts. When if proven would at least entitle him to a new trial, where he could prove his

actual innocence of charged offense.

### III.

Magistrate Black's, "Magistrate Judge's Report and Recommendation" of 8-20-03. Under "B" page 2, "A petition for discretionary review was not filed". This was not done because:

(a) Appointed Attorney for Appeal, refused to do so.
(b) Neither Appeal counsel or Petitioner, has ever recieved a complete set of trial court transcripts. Missing are two Prosecutor's witnesses statements.

(2) Second writ of state habeas, No. 41-098-03 was dismissed w/o written order.

(3) Petitioner, filed two seperate 2254 habeas petitions, one for 1987 case in 197th court, and one for 1997 case in 138th court. Which Magistrate Recio erroneous combined under Civil Action No. 156, and then servered into two cases. Along with several other mistakes, that were made in filing and appeals that were never heard.

(4) Magistrate Black, under II Analysis (page 3) at (A). As petitioner filed the first 2254 habeas on 6-19-99, and the violations shown in his second 2254 habeas, were as a result of the Supreme Court's rulings in "Apprendi" which was not decided until a year later in 2000, and 5th Circuit Court of Appeals ruled it applied retroactive to state habeas, in 2001. Then under (A) it shows the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that were previously unavailable. Also, under (B)(i), if the trial Judge, Prosecutor's (two), and defense attorneys (two) for trial and appeal. All who work in law, everyday, all have a college degree in law. Did not notice and object to the defective and void indictment, which is very plain from the face of indictment, Texas statutory laws under Penal Codes 21.11 (a), and ALL prior Texas Court of Criminal Appeals, cases cited. see <u>Victory v. State, 547 SW 2d 1.</u>

Under (B)(ii), the facts which are plain from the face of indictment, show that petitioner was charged and convicted for a non crime. As the indictment failed to charge a crime under Texas law. The convicting court had no jurisdiction to convict or sentence petitioner. A question of jurisdiction can be raised at any time, where it fails to charge an offense under state law. With this constitutional plain and reversible error, no reasonable fact finder

would have found the petitioner guilty of the underlying offense.

Page 4, Magistrate Black, stated that a second habeas 2254 petition under Rule 9(b), The petitioner must get an order from the U.S. Court of Appeals before the district court can consider the application.

I beg to differ on this, as no where in the Federal Rules of Appellate Procedure or Federal Criminal Code and Rules, Under USC §2254, Rule 9(b), does it state the above. That he must first petition the Fifth Circuit Court of Appeals for permission to file a successive petition.

Therefore, Petitioner, prays that this Honorable Court, will not dismiss this second habeas 2254, petition. Instead that this court will hear and rule that the plain errors on the face of indictment, are reversible errors, and rule that these constitutional errors, show that the state courts, did not have jurisdiction to hear, convict or sentence petitioner. That they reverse the trial courts findings, and petitioner be released or transferred back to Cameron County, to get a new trial on a different indictment, and with all of his defense and alibi witnesses, subpoenaed to trial.

I, William Lee Hedrick, hereby declare under the penalty of perjury that the foregoing documents are true and correct. That they were placed in the Estelle Geriatric Center's, U.S. Mailbox on this 10th day of September, 2003

Respectfully Submitted by
William Lee Hedrick
William Lee Hedrick
TDCJ-ID #808650
264 FM 3478
Huntsville, TX, 77320-3322

page 4 of 4 pages